THE COMMISSIONERS OF MOREDOCK AND IVY LANDING DRAINAGE DISTRICT NO. 1, Appellees, *vs.* JOSEPH F. MEYER *et al.* Appellants.

*Opinion filed February 23, 1912.*

1. DRAINAGE—*when it is error to recall condemnation jury to hear question of benefits.* Where a jury is empaneled solely to try the question of damages in a proceeding to condemn the land needed by a drainage district and is discharged from further service after returning a verdict, upon which judgment is entered, it is error, as against the objection of the land owners, to recall such jury several months later and permit it to try the questions arising on the assessment roll without permitting the land owners to examine the jurors as to their qualifications.

2. SAME—*land owners have right to participate in selection of jury.* The right of land owners in a drainage district to be present and participate in the selection of the jury to try the questions arising on the commissioners' roll of assessments cannot be denied them by requiring them to accept a jury selected for any other purpose or in any other manner than that provided by the statute.

3. SAME—*when the land owners need not show that error was harmful.* Land owners in a drainage district are deprived of a substantial right when they are compelled to accept a jury to try questions arising on the assessment roll. which was not selected,

empaneled and sworn for that purpose; and it is not necessary, on appeal, that the land owners make a showing that such error was harmful to them.

4. TRIAL—*after jury is discharged it loses its identity as a jury.* After a condemnation jury has exercised its functions and has been finally discharged it loses its identity as a jury, and the court loses its jurisdiction and control over such jury, unless it may be for the purpose of recalling it to make some formal corrections in a verdict already rendered.

APPEAL from the County Court of Monroe county; the Hon. WILLIAM P. GREEN, Judge, presiding.

N. C. LYRLA, JOSHUA WILSON, and CHARLES ERD, for appellants.

A. C. BOLLINGER, and J. W. RICKERT, (WINKLEMAN & OGLE, of counsel,) for appellees.

Mr. JUSTICE VICKERS delivered the opinion of the court:

This is an appeal from the judgment of the county court of Monroe county confirming an assessment of benefits upon the lands of appellants and others in Moredock and Ivy Landing Drainage District No. 1, made for the purpose of raising the sum of $34,000 for the purpose of paying for certain additional improvements and repairs upon those already made and to pay for right of way for the improvement. The assessment roll was filed January 19, 1911, and a notice published fixing February 28, 1911, for the purpose of having a jury empaneled in accordance with the provisions of section 6 of the Eminent Domain act, and "for a hearing before said jury upon all questions of benefits and damages to any of the lands in said district according to the statute." On the same day that the assessment roll was filed the drainage commissioners filed a petition for condemnation, praying that a jury be empaneled to assess damages for the lands sought to be condemned and taken for right of way for the proposed ditches referred to

in the petition.  In the condemnation proceeding appellants filed a cross-petition, claiming damages to lands not taken. The petition for condemnation and the cross-petition are formal and no question is made in regard to those pleadings.  The hearing on the assessment of benefits and damages, and also upon the condemnation proceeding, was set for February 28, 1911.  On that day the condemnation proceeding was continued as to certain land owners until the 10th day of March following, and the hearing on the assessment roll was continued as to all parties until March 1, 1911.  The parties to the condemnation proceeding as to whom the cause had not been continued proceeded to empanel a jury under the Eminent Domain law for the purpose of assessing damages to those land owners as to whom the condemnation proceeding had not been continued.  This jury was empaneled for the sole purpose of assessing damages to the land owners upon the petition for condemnation.  The condemnation jury was agreed upon and the evidence heard, and on the 11th day of March the jury returned a verdict in the condemnation proceeding in accordance with the statute, which said verdict was received and filed by the court and the duties of that jury were at an end.  The condemnation jury assessed damages to appellant Meyer in the sum of $1000 for damages to land not taken, and afterwards, on the 21st day of March, judgment was entered on the verdict of the jury and said jury was formally discharged from further service.  At this time appellees were granted leave to withdraw the assessment roll from the files.  Notice was again published fixing April 18, 1911, as the time when a jury would be called for the purpose of assessing benefits upon the assessment roll theretofore filed by the commissioners.  In pursuance of this notice the clerk of the court drew the names of jurors, and they were duly summoned by the sheriff and appeared in court ready to discharge the duties required of them. Appellees, the drainage commissioners, then made a mo-

tion that the jury thus drawn and summoned be discharged, which said motion was, over the objections of appellants and other land owners, sustained and the jurors were sent away and an order was entered recalling the jury that had tried the condemnation case, and that jury was required to report on May 22, and the hearing upon the assessment roll was continued to that date. On May 22 the hearing on the assessment roll was continued again to June 14 because of the absence of one member of the condemnation jury, who failed to appear on account of illness. On June 14 the condemnation jurors appeared, and, the parties being in court, counsel for appellees then stated for the first time that it was the purpose to have the condemnation jury pass on the assessment roll. Numerous objections were made by appellants to proceeding before this jury, among others that said jury had not been selected for any purpose except to assess damages to the land owners whose lands were taken or damaged by the proposed ditches, and that when that duty was performed said jury was discharged from further service and sent away, without any instructions or intimation that the jurors would be called back for the purpose of passing on the assessment roll, and that there was no authority of law for the court to recall the jury and require appellants to submit the questions arising under the assessment roll to said jury. All of appellants' objections were overruled, and the court ordered the jurors to be resworn without any examination or any opportunity for examination as to their qualifications. This appeal is from a judgment confirming an assessment based upon the verdict of a jury thus selected. The action of the court in requiring appellants to proceed to an assessment of benefits before the jury thus provided is the only assignment of error that requires our consideration.

Prior to the amendment of the Levee act, in 1909, the hearing of objections to the assessment roll was before the commissioners, under the supervision of the county court.

By the revision of 1909 of the Levee act sections 17*a* and 17*b* were added, which make provision for a hearing before a jury upon the commissioners' roll of assessment of benefits and damages, which jury is to be selected in accordance with the provisions of section 6 of the Eminent Domain law. The statute provides that upon the hearing upon the assessment roll the commissioners and all persons interested in the lands to be affected "shall have the same right of challenge of jurors as in other civil cases in the county courts of this State." The statute also provides that said jury shall be sworn to "faithfully and impartially perform the duties required of them to the best of their understanding and judgment and to make their assessments of benefits or of damages, or damages and benefits, as the case may be, according to law." It would seem to be too plain for argument that the land owners could not be compelled to submit all questions in relation to the assessment of benefits and damages to a jury that had not been selected and empaneled for any such purpose. The right of the land owners to be present and participate in the selection of the jury to try and determine such questions as may be presented in relation to the assessment cannot be denied them by requiring them to accept a jury selected for any other purpose or in any other manner than that provided for by the statute. After the jury in question had discharged its functions in the condemnation case and had been finally discharged it lost its identity as a jury and the court lost its jurisdiction and control over that jury, unless it might be for the purpose of recalling it to make some formal corrections in respect to the verdict already rendered. In the proceeding here under review the county court seems to have regarded the condemnation jury as a permanent and continuing jury over which the court had control, and which was subject to be called in to discharge other duties in connection with the assessment of damages and benefits. We do not hold that where there are damages to be assessed

for right of way and also benefits and damages under the
assessment roll it would be error to call a jury and submit
all questions to the same jury, but if such practice is per-
missible under the statute it could not be followed unless at
the time the jury was selected and accepted by the parties
it was understood that both branches of the investigation
were to be submitted to the jury. The nature and scope
of the questions to be submitted to the jury may have an
important bearing upon the exercise of the right of peremp-
tory challenges of jurors. In *Vandalia Levee and Drain-
age District* v. *Vandalia Railroad Co.* 247 Ill. 114, this
court held that the rules prescribed for the organization of
a common law jury applied to the selection of a jury under
the Drainage law, and it was there held that a jury se-
lected and empaneled to spread one assessment could not
be called back for the purpose of spreading a second as-
sessment, even though the latter was ordered before the
former had been spread.

We think that appellants were deprived of a substantial
right in being required to submit the objections to the as-
sessment roll to a jury that was not selected, empaneled
and sworn for that purpose. In the brief and on the oral
argument of this cause appellees answer that this error is
not shown to be harmful to appellants. We think this
record presents a case where injury must be presumed to
result from an error of this character. Appellants would
have no means of showing, if they were required to do so,
that a jury selected in the proper manner would have ren-
dered a verdict more favorable than the one rendered by
the irregular jury. It is enough to warrant a reversal that
appellants have been deprived, by the rulings of the court
below, of a substantial right guaranteed to them by the law.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*