(No. 15746.—Reversed and remanded.)

The Gould Construction Company, Plaintiff in Error, *vs.* The Industrial Commission *et al.*—(Otto Holtmann, Defendant in Error.)

*Opinion filed February 19, 1924—Rehearing denied April 3, 1924.*

1. Workmen's compensation—*filing of stenographic report is essential to review before Industrial Commission.* The filing of an agreed statement of facts or stenographic report within the time required by statute is a condition essential to a party's right to a review by the commission of the award of the arbitrator.

2. Same—*when objection to jurisdiction of commission should be sustained.* An objection to the jurisdiction of the Industrial Commission on the ground that the stenographic report was not filed in time should be sustained when made at the proper time, if

the report was, in fact, not filed in time but was filed within an extension of time which the commission had no power to grant.

3. SAME—*rules of pleading do not apply to the Industrial Commission.* The Industrial Commission is not a court and rules of pleading do not apply to it.

4. SAME—*when objection to jurisdiction is not waived by contesting merits after objection is overruled.* The objection to the want of authority in the Industrial Commission to review the award of the arbitrator on the ground that the stenographic report was not filed in time is not dilatory and is not waived by resisting the claim on the merits after the objection is overruled. (*Omaha Boarding and Supply Co.* v. *Industrial Com.* 306 Ill. 384, explained.)

5. SAME—*provision for a trial de novo does not apply where party neglects to file stenographic report.* The statutory provision for a trial *de novo* in the discretion of the Industrial Commission applies only where the reporter has failed to prepare the stenographic report to enable the party seeking a review to file the same within the time required by the statute, and it does not apply where the party through his own neglect has failed to file the report within the required time.

6. SAME—*stenographic report is not competent evidence on trial de novo except by consent.* On a trial *de novo* the stenographic report of the evidence on the hearing before the arbitrator is not competent evidence except by consent, as on such trial the parties have a right to require the production of witnesses and their testimony by word of mouth, subject to cross-examination, and they are not limited to what was testified to at any former hearing.

7. TRIAL—*what is meant by a trial de novo.* A trial *de novo* means a complete new trial of the cause, in which each party may introduce such competent evidence as he desires without regard to any previous trial, and the action of the court in merely directing that the record show that a trial *de novo* was granted and then deciding the case on evidence which has previously been heard does not amount to a trial *de novo*.

WRIT OF ERROR to the Circuit Court of Kankakee county; the Hon. ARTHUR W. DESELM, Judge, presiding.

J. C. M. CLOW, for plaintiff in error.

C. M. CLAY BUNTAIN, and JOHN A. MAYHEW, for defendant in error.

Mr. JUSTICE DUNN delivered the opinion of the court: ·

Otto Holtmann, while employed as a carpenter by the Gould Construction Company in building a railroad bridge across the Kankakee river at Kankakee, on July 22, 1918, received an injury from a four-by-six timber five feet long falling upon and injuring his head and breaking his right arm. On January 18, 1919, he filed with the Industrial Commission an application for an award of compensation, which was heard by an arbitrator, and on November 10, 1919, an award was made in his favor of $13 a week for eight weeks' temporary total incapacity to work. He filed a petition for review on November 15, 1919, an order was made extending the time for filing a stenographic report of the proceedings thirty days in addition to the time allowed by statute, and on December 30, 1919, an additional thirty days' extension was allowed. The stenographic report was filed on January 22, 1920, more than fifty days after the applicant had notice of the award. Notice was given of a hearing on review on December 30, 1921, which was served on the company, and at that time it appeared by its attorney and objected to the commission hearing or taking jurisdiction of the case, for the reason that it had the power to grant only one extension in addition to the thirty days allowed by the Workmen's Compensation act within which to file a stenographic report. The chairman of the commission then said, "Well, this is considered as a *de novo* hearing, is it not?" and the attorney answered: "No; I say the commission has now lost jurisdiction entirely of this matter, except to either dismiss the petition for review for want of jurisdiction or enter an order confirming the award of the arbitrator." The motion was overruled, the hearing proceeded, and resulted in an award of $14 a week for 28 weeks' temporary total incapacity to work and $5.06 a week for the further period of 388 weeks as compensation for permanent partial incapacity to work, the court having found the latter amount to be sixty per cent of the

difference between the applicant's average earnings before the accident and the average amount which he was able to earn afterward. The circuit court of Kankakee county confirmed the award of the commission, and a writ of error has been allowed to review the judgment of the circuit court.

The filing of an agreed statement of facts or stenographic report within the time required by the statute is a condition essential to a party's right to a review by the Industrial Commission of the award of an arbitrator. (*People* v. *Andrus*, 299 Ill. 50.) The objection, however, was one which might have been waived by the plaintiff in error, and would have been waived if it had appeared and participated without objection in the hearing and the submission of the cause to the judgment of the commission on the merits. (*Pocahontas Mining Co.* v. *Industrial Com.* 301 Ill. 462.) In this case the plaintiff in error objected to proceeding because the stenographic report had not been filed in time, and its objection should have been sustained. After it was overruled it participated in the hearing, cross-examined witnesses and examined witnesses in its own behalf, and it is insisted that it thereby waived the objection previously made. The case of *Omaha Boarding and Supply Co.* v. *Industrial Com.* 306 Ill. 384, which is cited in support of this contention, does not sustain it. In that case the defendant in error filed a motion before the commission to dismiss the proceeding for want of jurisdiction but not for a failure to file the stenographic report within the required time. The questions raised by the motion, it was said, were the same questions raised by the defendant in error in the circuit court and in this court, except that no objection was raised that the stenographic report was not filed within the required time and the questions which were raised were such as bore upon the merits of the case,—that is, the appearance of the defendant in error was made for the purpose of discussing the merits of the case, and that

was a bar to its ever raising the question that the stenographic report had not been filed in the time required. It is expressly stated that no such question was raised before the commission, and it is further said that a participation before the commission on a hearing upon the merits, even. after such a motion has been made, amounts to an entry of appearance of the mover in that motion and at once restores the jurisdiction of the commission to hear the case. However, if, after a motion to dismiss on the ground that the stenographic report was not filed in time is decided against the mover and he then takes part in the hearing on the merits, such action is not a waiver of the objection to the jurisdiction. Under such circumstances his objection to the jurisdiction is preserved for review, and he is not required to withdraw, take no further part in the hearing and submit to further proceedings without contest or be regarded as having waived his objection. The Industrial Commission is not a court and rules of pleading do not apply to it. The objection to the want of authority in the commission to review the award of the arbitrator is not dilatory but meritorious and is not waived by afterward resisting the claim on the merits.

In 1921 section 19 of the Workmen's Compensation act was amended so as to provide that if a reporter does not for any reason furnish a transcript of the proceedings before the arbitrator in any case, for use on a hearing for review before the Industrial Commission, within thirty days of the filing of the petition for review, the Industrial Commission may, in its discretion, order a trial *de novo* before the Industrial Commission upon the application of either party. It is insisted that the commission did under this provision grant a trial *de novo* to the applicant. The record shows that after the objection of the plaintiff in error to the jurisdiction was overruled two witnesses were examined for the claimant and one for the plaintiff in error; that at the request of the petitioner the cause was set for

oral argument on January 25, 1922, and was argued by counsel on that day; that on March 22, 1922, the petitioner for the first time filed an application requesting a trial *de novo,* and a hearing of that application was fixed for April 10, 1922. The attorney for the plaintiff in error objected that there had already been a hearing and the case had been argued. Counsel for the petitioner started to make an offer of evidence, but the commissioner stated that he did not want an offer of evidence at that time,— he would dispose of the *de novo* situation first. Thereupon he directed that the record should show that the commissioner had granted a trial *de novo* and that the evidence on the trial *de novo* was the evidence taken before the arbitrator, a stenographic report of which was then in the files in the case together with the additional evidence offered by the parties at the hearing on review before the Industrial Commission on December 30, 1921, and thereupon the decision was rendered making the award which has been heretofore stated. The decision recited that the cause came on for a hearing on January 25, 1922, and was thereafter tried *de novo* under the provisions of paragraph (*e*) of section 19 of the Workmen's Compensation act.

The provision for allowing a trial *de novo* in the discretion of the commission was not intended to apply to cases where a party through his own neglect had failed to file an agreed statement or stenographic report of the proceedings within the time required by statute, but to cases where for any reason a reporter had failed to furnish a stenographic report and it was therefore not due to the negligence of the party that the stenographic report had not been filed. The evil intended to be remedied was the failure of the reporter to furnish the report when he should have done so, and not the neglect of the party to file it. The requirement that the report should be filed within fifty days of the date of the award was left in the statute and governs as to all cases except where the failure to file the re-

port of the proceedings has been caused by the failure of the reporter to furnish such report, and not the neglect of the party seeking the review. There was no trial *de novo* in this case. The commissioner merely took the stenographic report, together with the evidence of the witnesses which had been offered in addition, and ordered that the record should show that the commissioner had granted a trial *de novo*. But he did not, in fact, grant a trial *de novo*. He directed that the record should show that the evidence on the trial *de novo* was the evidence taken before the arbitrator contained in the stenographic report then in the files, together with the additional evidence which had already been taken on December 30, over three months before. This was not a trial *de novo* but was merely the review authorized by section 19 before the amendment of 1921, which was a combination of a review of the record made before the arbitrator, in which the transcript of the record was to be considered as well as additional evidence which either party might introduce. (*People* v. *Andrus, supra.*) A trial *de novo* means a complete new trial of the cause, in which each party may introduce such competent evidence as he desires without regard to any previous trial. Merely directing the record to show that a trial *de novo* is granted and then deciding the case on evidence which had been previously heard is in no sense a trial *de novo*. On a trial *de novo* the stenographic report of the evidence upon the hearing before the arbitrator would not be competent evidence except by consent. On such a trial the parties have a right to require the production of the witnesses and their testimony by word of mouth, subject to cross-examination, and are not limited to what they testified to at any former hearing or the evidence produced at any former hearing.

The Industrial Commission was without authority to review the award of the arbitrator, over the plaintiff in error's objection, on account of the failure to file the steno-

graphic report within fifty days of the hearing, and the circuit court should have set aside the award made by the commission and dismissed the petition for review, leaving the award of the arbitrator to stand as the award of the commission.

The judgment will be reversed and the cause remanded, with directions to the circuit court to enter such order.

*Reversed and remanded, with directions.*