(No. 32997.—

HARRY BURSTEIN, Appellant, *vs.* MILLIKIN TRUST COM-
PANY, Exr., Appellee.

*Opinion filed March 17, 1954.*

FRANCIS R. WILEY, and LOUIS L. MASON, both of
Decatur, for appellant.

JOSEPH L. ROSENBERG, and FRED G. LEACH, both of
Decatur, for appellee.

Mr. JUSTICE HERSHEY delivered the opinion of the
court:

Harry Burstein, plaintiff-appellant, hereinafter referred
to as plaintiff, was granted leave to appeal by this court
from a judgment of the Appellate Court, Third District,
affirming a decree of the circuit court of Macon County
adverse to plaintiff. The case was there heard on appeal
from the county court of Macon County.

The county court of Macon County in September, 1951, had entered an order approving the final report of the Millikin Trust Company, defendant-appellee, hereinafter referred to as defendant, executor of the last will and testament of Samuel Burstein, deceased. Plaintiff, the purportedly adopted son of the deceased, had filed objections to the final report, which were stricken on motion of the defendant.

In order that the proceeding below may be more clearly understood, it is necessary to recite, chronologically, the facts relating to this proceeding. In 1897 Samuel Burstein and his wife Jennie filed a petition for the adoption of a child, then age four years. The petition contained a written consent to the adoption filed by the father and an allegation that the mother of the child was then insane. The petition for adoption also contained allegations that the adopting parents were residents of the county, that they were desirous of adopting the child so as to render him capable of inheriting their estate.

The county court of Macon County entered an order on March 20, 1897, with findings in accordance with the petition for adoption, ordering the adoption and the change of name of the adopted child to Harry Burstein.

Samuel Burstein died testate in 1928. Defendant was named executor and acted as such until 1934 when the estate was closed. During the course of the executorship of the defendant an order of heirship was entered by the county court naming the heirs as Jennie Burstein, widow, and Harry Burstein, an adopted son.

In May, 1950, the estate was reopened because of the sale of land in Wyoming which was not included in the previous administration. In July, 1951, defendant filed its final report and plaintiff filed his objections thereto, making allegations as to the accuracy of the report and asking that it be disapproved. The county court then sustained a motion to strike the objections on the ground that the

plaintiff was not an heir, legatee or creditor of the estate and therefore had no standing to object to the final report. On appeal, without a trial *de novo,* the circuit court allowed the same motion to strike and entered an order approving the final report. The Appellate Court affirmed the circuit court, holding, however, that the failure to have a trial *de novo* in the circuit court was manifest error. This court granted leave to appeal.

The circuit court had jurisdiction of the subject matter and of the parties, and thus had complete jurisdiction to hear this cause. It erred in procedure, however, in failing to provide a trial *de novo.* We cannot agree with the determination of the Appellate Court that the circuit court's action was manifest but not reversible error. It is enough to warrant reversal that the appellant was deprived of a substantial right guaranteed him by law. (3 I.L.P., Appeal and Error, sec. 944; *Comrs. of Moredock and Ivy Landing Drainage Dist.* v. *Meyer,* 253 Ill. 306.) Here the appellant was deprived of a trial *de novo* in the circuit court as guaranteed by law. A trial *de novo* in an appellate tribunal is a trial had as if no action had been instituted in the court below. (*Bley* v. *Luebeck,* 377 Ill. 50.) Had the appellant been awarded a trial *de novo* in accordance with law, he would have had the right to present any and other matters of evidence or law to sustain his rights. It is apparent that in the instant case such right or opportunity was not afforded appellant. The record discloses that the appellant did argue and present to the Appellate Court and to this court certain theories that would possibly entitle him to share in the estate even though the proceeding in which it was claimed he was adopted might be invalid. Among these was the theory of estoppel. The appellant should have a right to present this theory as well as any other he may have in mind in the trial court. On the face of this record, the cause having been dismissed on motion, the appellant had no such opportunity.

The appellant having been denied the right to trial *de novo* in the circuit court, he was deprived of a substantial right, and is entitled to have his case heard. The circuit court having denied this substantial right, its judgment could not be properly affirmed, and appellant is entitled to a reversal. For this reason, it is unnecessary to discuss the other errors assigned in this court. Therefore, the judgment of the Appellate Court is reversed and this cause is remanded to the circuit court of Macon County with directions to afford the appellant a trial *de novo*.

*Reversed and remanded, with directions.*