(No. 36796.—▮▮▮▮▮▮▮)

THE PEOPLE *ex rel.* Abbey & Hall, Appellant, *vs.* JOSEPH J. McDONOUGH, Clerk of the Municipal Court of Chicago, Appellee.

*Opinion filed March 23, 1962.—Rehearing denied May 23, 1962.*

VAN EMDEN, BUSCH and VAN EMDEN, of Chicago, (GEORGE E. VAN EMDEN, of counsel,) for appellant.

WILLIAM E. GAINER, of Chicago, for appellee.

GEORGE A. HANSEN, WILLIAM B. DAVENPORT, and PHILIP J. MURPHY, all of Chicago, *amici curiae,* for The Chicago Bar Association.

Mr. CHIEF JUSTICE HERSHEY delivered the opinion of the court:

This is a *mandamus* action brought in the superior court of Cook County to compel respondent, as clerk of the municipal court of Chicago, to issue a summons in a wage deduction proceeding based on relator's unconfirmed judgment by confession entered prior to July 1, 1961. The superior court denied the relief sought, entered judgment for the respondent, and dismissed the complaint. The validity of a statute is involved.

The essential facts are undisputed. Relator obtained a judgment by confession without service of process against Harry West on February 6, 1961, in the municipal court of Chicago. On July 25, 1961, relator demanded that respondent accept for filing an affidavit for deduction order and issue a summons for deduction order against United States Steel Company, employer of Harry West, under the provisions of section 4 of "An Act relating to wage deductions for the benefit of creditors and regulating the issuance of deduction orders," approved June 19, 1961. (Ill. Rev. Stat. 1961, chap. 62, par. 74.) Respondent refused this demand on the ground that the judgment by confession had not been confirmed as required by section 12 of said act. Thereafter, relator commenced this *mandamus* suit.

The General Assembly, at its regular 1961 session, enacted a number of bills effecting significant changes in the field of consumer credit remedies. The present case brings to this court, for the first time, a portion of this legislative

program. It is unnecessary, for an understanding of the rather narrow issue involved in this appeal, to detail all of the legislative changes made with respect to consumer credit remedies. It is sufficient to note that among the changes was a revision of the law with respect to the garnishment of wages. One of the bills enacted, House Bill 463, amended the Garnishment Act, to remove wages from the scope of garnishment proceedings. This bill was approved by the Governor on June 7, 1961, and became effective July 1, 1961. Another bill, House Bill 462, provided a new procedure for wage deduction orders. This bill was approved on June 19, 1961, and also became effective July 1, 1961. The two bills are obviously companion measures, with the wage deduction procedure under House Bill 462 replacing the garnishment of wages under the former practice.

Section 4 of the new Wage Deduction Act (Ill. Rev. Stat. 1961, chap. 62, par. 74) provides for the issuance of summons by the clerk upon the filing of an affidavit by a judgment creditor. However, the term "judgment creditor," as defined in the act, excludes the holder of a judgment by confession which has not been confirmed as provided in the act. (Ill. Rev. Stat. 1961, chap. 62, par. 71.) Section 12 provides: "A judgment by confession without service of process on the defendant shall not be the basis for seeking a deduction order, unless such judgment is confirmed after service of process by a trial *de novo,* as if such confession of judgment had not been obtained, \* \* \*." (Ill. Rev. Stat. 1961, chap. 62, par. 82.) It is undisputed that the judgment by confession was never confirmed in this manner. Thus relator is not a judgment creditor within the meaning of the statute and was not entitled to the issuance of summons. Respondent, as clerk of the municipal court, was under no duty to issue the summons and the writ of *mandamus* was properly denied.

On this appeal, relator contends (1) that the trial court erred in rejecting a certain offer of proof, (2) that the pro-

vision of the Wage Deduction Act relating to the confirmation of judgments by confession should be applied prospectively only so as not to require confirmation of a judgment entered before July 1, 1961, and (3) that if the confirmation requirement applies to judgments entered before July 1, 1961, it is unconstitutional. We shall deal with these contentions in order.

Relator offered to prove, by the testimony of West, the judgment debtor, that he had knowledge of the judgment against him by reason of garnishment proceedings in the municipal court of Chicago in February and May, 1961. Although this offer of proof was rejected, the order indicates that the trial judge regarded as properly before him such matters as appeared of record in the municipal court. We think that the offer of proof was properly rejected. We fail to see the relevance in this *mandamus* suit of the judgment debtor's knowledge of the judgment against him. Even if he had such knowledge, this is not a confirmation of the judgment as required by the Wage Deduction Act and does not bring relator within the terms of the statute or give it a clear legal right to the issuance of summons. And, even if it were possible to construe the statute to make knowledge of the judgment by the judgment debtor the equivalent of a confirmation of the judgment, the making of such a construction and the factual determination of the existence of such knowledge are obviously not matters within the competency of the clerk of the court to determine, and he was under no such clear legal duty to issue the summons so as to support a proceeding for *mandamus*.

Relator next, relying upon the general principle that a statute should be given a prospective operation unless there is a clearly expressed legislative intent that it should operate retrospectively, contends that the requirement of confirmation of judgments by confession is inapplicable to judgments entered before the effective date of the Wage Deduction Act. Respondent and *amici curiae,* on the other hand, sug-

gest that this is a remedial procedural statute which can and should be applied retrospectively. The standard arguments as to prospective versus retrospective operation are, however, of dubious applicability. If the statute were limited to a prospective operation, there could be no proceedings thereunder to enforce any judgment entered before its effective date. By seeking to invoke the provisions of the Wage Deduction Act to enforce its judgment of February 6, 1961, relator has already acknowledged that the act applies to judgments entered before July 1, 1961. There is no question on this point. The question is not one of prospective or retrospective operation, but rather whether relator comes within the terms of the statute so as to be entitled to invoke the procedure provided therein. It is clear that it does not. Only a "judgment creditor" has the right to file an affidavit and secure the issuance of summons under the Wage Deduction Act, and the holder of an unconfirmed judgment by confession is not a judgment creditor within the meaning of the act. The statute by its terms simply does not permit a wage deduction proceeding based on an unconfirmed judgment by confession, regardless of when the judgment was entered, and there is no way the statute can be made to read otherwise.

Relator further contends that the provision of the Wage Deduction Act relating to confirmation of judgments by confession is unconstitutional if applied to relator's judgment. Its argument is that prior to July 1, 1961, a judgment by confession could form the basis of a wage garnishment under the Garnishment Act, and that upon the entry of the judgment, prior to July 1, 1961, relator had a right to garnish the wages of the judgment debtor and that this right was a vested right which the legislature could not take away, and that the attempt by the legislature to take away this vested right is a denial of due process, an impairment of the obligation of contracts, and an infringment of the judiciary by the legislature. Even if the premise upon which relator's

constitutional argument is based were sound, it is hard to see how this affects the constitutionality of the Wage Deduction Act. The logical conclusion from relator's premise is that it had a vested right to proceed under the Garnishment Act as it existed at the time of the entry of the judgment. It obviously had no vested rights under the Wage Deduction Act, for that act did not exist at the time the judgment by confession was entered. If relator has any real constitutional quarrel, it would seem to be not with any particular provision of the Wage Deduction Act, but with the amendment to the Garnishment Act. If its constitutional argument has any merit, a more logical contention would be that, despite the 1961 amendment to the Garnishment Act, it still has the right to proceed to satisfy its judgment by the procedures available under that act as it existed prior to July 1, 1961. This question is obviously not reached by a *mandamus* suit to compel the issuance of summons under the Wage Deduction Act.

In this connection, it should be noted that, although the new procedure available under the Wage Deduction Act was intended to replace the former practice of wage garnishments under the Garnishment Act, it is not a mere continuation of the former remedy under a different name. The procedure under the Wage Deduction Act differs substantially in a number of respects from wage garnishments as they existed prior to July 1, 1961. Not all of the changes were enacted solely for the protection of the judgment debtor. Some of them confer substantial advantages upon the judgment creditor. For example, under the new law, service of a wage deduction summons requires an employer to withhold not only the nonexempt wages then due and owing but also those earned thereafter. (Ill. Rev. Stat. 1961, chap. 62, par. 77.) Thus in some instances it may be possible for the judgment creditor to obtain satisfaction of his judgment by one wage deduction proceeding in cases where repeated garnishments might have been necessary under the former

practice. Relator, by attempting to proceed under the Wage Deduction Act, presumably intended to take full advantage of all the provisions of the new procedure which operate to its advantage while claiming exemption from those provisions operating to its detriment. This is an untenable position. Before resorting to the Wage Deduction Act, it was necessary for relator to bring itself within its terms. This it did not do. Respondent was under no duty to issue summons, and the trial court correctly refused to allow the writ of *mandamus*.

The judgment of the superior court of Cook County is affirmed.

*Judgment affirmed.*