CUTLER HAMMER EMPLOYEES CREDIT UNION, Plaintiff-Appellee, *v.* EDWARD M. BESS *et al.,* Defendants—(RUAN TRANSPORT CORPORATION, Defendant-Appellant.)

(No. 11546;

Fourth District—August 2, 1972.

Woods & Thompson, of Lincoln, (Dick H. Woods, Jr., of counsel,) for appellant.

Harris & Harris, of Lincoln, (Homer B. Harris, Jr., of counsel,) for appellee.

Mr. JUSTICE SMITH delivered the opinion of the court:

This appeal arises out of a judgment obtained against an employer on a wage deduction order under Section 71 *et seq.* of Chapter 62 of the 1969 Illinois Revised Statutes. Ruan Transport Company, the appellant, employed Edward M. Bess. Bess and his wife had borrowed some funds from Cutler Hammer Employees' Credit Union, the appellee, and had executed a promissory confession note for said amount.

The appellee, Cutler, obtained a judgment by confession against Bess and his wife. A summons was issued subsequently to confirm this judgment for confession against Bess alone and was served upon Bess. No trial *de novo* was held and no order was entered confirming the judgment by confession. Several months later, a wage deduction summons was served upon Bess's employer, Ruan. The interrogatories were not answered and a conditional judgment was obtained against Ruan. A summons was issued to confirm this conditional judgment and was again served upon Ruan. Both summons were served on a dispatcher of Ruan and not upon any corporate officers. Ruan did nothing; as a result, a final judgment was entered against it confirming the conditional judgment. Upon the service of a Citation to Discover Assets, Ruan filed a motion under Section 72 of the Civil Practice Act to vacate and set aside the judgment. The trial court denied the petition and this appeal followed.

Section 71 *et seq.* of Chapter 62 of 1969 Ill. Rev. Stat. details the procedure to be followed to obtain a wage deduction order against an employer. Under Section 74, upon the filing by a judgment creditor of an affidavit alleging that the debtor is thought to be employed by the employer, the Clerk of the Court is required to issue summons requiring the employer to answer interrogatories. Section 76 provides that when an employer is served with summons and fails to appear, a conditional judgment may be entered against him. It is further provided that this conditional judgment may be confirmed by the service of an additional summons upon the employer. The employer has the duty, among other matters set forth in Section 77, to reply to the interrogatories stating the amount of money which the particular employer is indebted to the employee.

In this particular case, the judgment was one based upon a confession clause in the note signed by Mr. and Mrs. Bess. The statute distinguishes between those judgments obtained by service of summons and those obtained by confession clauses and imposes additional steps on the

holder of a judgment obtained by confession. The definition of a judgment creditor set forth in Section 71 provides that a judgment creditor is the recipient of any judgment, "except a judgment by confession which has not been confirmed". Section 82 provides that a confession judgment shall be the basis for a deduction order only if such judgment is confirmed after service of process upon the Defendant and after a trial *de novo*.

Based upon the foregoing statutory provisions dealing with confession judgments, the appellant Ruan contends that the judgment was improperly obtained against it as there was no trial *de novo* and as there was no order confirming the judgment by confession. Therefore, Ruan contends that Plaintiff was not a judgment creditor and not entitled to the issuance of a summons and not entitled to obtain a wage deduction order against Ruan.

This court agrees with this position of Ruan. A confession judgment is treated separately and distinctly by this statute. This distinction is obviously intentional; the purpose of it is to provide protection to the party against whom a confession judgment has been obtained without prior notice upon him. The pertinent portions of Section 82 provides as follows:

> "A judgment by confession without service of process on the defendant *shall* not be the basis for seeking a deduction order, *unless such judgment is confirmed after a trial de novo,* as if such confession of judgment had not been obtained  *  *  *." (Emphasis added.)

In *People ex rel. Abbey & Hall v. McDonough,* 24 Ill.2d 503, 182 N.E.2d 161, the Supreme Court in referring specifically to the section herein in question stated as follows on page 505:

> "It is undisputed that the judgment by confession was never confirmed in this manner. Thus relator is not a judgment creditor within the meaning of the statute and was not entitled to the issuance of summons."

■■ When the statute provides the judgment to be confirmed by a trial *de novo,* it means more than just confirmation of the prior judgment. As was said in *Gould Construction Co. v. Industrial Com.,* 311 Ill. 472, 143 N.E. 73 on page 478:

> "A trial *de novo* means a complete new trial on the cause, in which each party may introduce such competent evidence as he desires without regard to any previous trial. Merely directing the record to show that a trial *de novo* is granted, and then deciding the case on the evidence which had been previously heard, is in no sense a trial *de novo.*"

The record before this court does not disclose any trial *de novo* nor does it show a confirmation of the prior confession judgment. The provision of Section 82 is mandatory using the term "shall" and unless the record

affirmatively shows the existence of a trial *de novo* and a confirmation of the prior judgment by confession, Plaintiff Cutler may not claim to be a judgment creditor within the terms of the act and Cutler was therefore not entitled to the issuance of the summons against Ruan.

Plaintiff Cutler does not argue the above points but contends that the judgment should stand because the appeal was not timely made and Ruan did not use diligence in protecting his rights. An issue is also raised with the form of the petition that was filed as it was unverified.

As to the first argument, the timeliness of the appeal, all that needs to be pointed out is that the order appealed from is that denying relief under Section 72 of the Civil Practice Act, and not the judgment order against Ruan. That order was dated March 10, 1971 and the Notice of Appeal was filed on April 6, 1971, within the thirty day period.

■■ Furthermore, the petition, or motion as it was captioned, does not have to be verified. Section 72 subparagraph (2) of the Civil Practice Act (Section 72(2) Ch. 110, 1969 Ill. Rev. Stat.) provides that "the petition must be supported by affidavit or other appropriate showing as to matters *not of record*" (emphasis supplied). The matters argued here were matters of record—the failure to confirm the confession judgment after a trial *de novo*. As such, no affidavit needed to be filed to bring these matters before the court.

Plaintiff also contends that the relief sought under Section 72 is discretionary and should be denied unless there is a showing of diligence. Ruan was served with a summons and interrogatories on August 20, 1970. A conditional judgment was rendered on October 27, 1970, and a summons issued to confirm the judgment on that same day. This conditional judgment was confirmed on December 2, 1970. The Plaintiff contends that there were two separate service of summons on Ruan, yet it elected to do nothing. Therefore, it is argued, Ruan is estopped from now contesting this judgment by its failure to act.

The foregoing argument might be persuasive if the judgment herein rendered against Ruan was a voidable judgment and not a void judgment. The requirement of the statute is that the holder of a judgment by confession have the judgment confirmed after a trial *de novo*. Section 82 provides that the confession judgment "shall" not be the basis for a wage deduction order unless the judgment is confirmed after service of process by a trial *de novo*. The judgment herein against Ruan was purportedly rendered under the authority of the statute. The statute imposed certain mandatory requirements upon the Plaintiff in order to entitle Plaintiff to the remedies therein set forth. The Plaintiff failed to follow these mandatory provisions and as such was not a judgment creditor within the terms of the act. The issuance of the summons was

therefore beyond the statutory authority and the jurisdiction of the Clerk of the Court to issue and the judgment subsequently obtained against Ruan void as beyond the authority of the court to enter. In *Ward v. Sampson*, 395 Ill. 353, 70 N.E.2d 324, the Supreme Court stated on page 361:

"Where the court entering a judgment exceeds its jurisdiction and the judgment or decree transcends the statute conferring jurisdiction on the court, the judgment or decree is void * * *."

■■■ The lack of exercise of due diligence is not a defense in an attack on a void judgment as a void judgment is subject to attack at any time. (*Fox v. Department of Revenue*, 34 Ill.2d 358, 215 N.E.2d 271; *Lake Shore Savings & Loan Association v. American National Bank & Trust Co.*, 91 Ill.App.2d 143, 234 N.E.2d 418; *Weiner v. Checker Taxi Co. Inc.*, 124 Ill.App.2d 401, 260 N.E.2d 439.) This matter is therefore remanded to the trial court with directions to vacate the conditional and final judgment against Ruan Transport Corporation.

Reversed and remanded.

TRAPP, P. J., and CRAVEN, J., concur.