CITY-WIDE REALTY CO., Plaintiff-Appellee, *v.* LAWRENCE GREGORY FRYER *et al.*, Defendants-Appellants.—C & A MANAGEMENT, INC., Plaintiff-Appellee, *v.* CAROL JORDAN, Defendant-Appellant.—ARONSON FURNITURE COMPANY, Plaintiff-Appellee, *v.* NORBERTO MATOS, Defendant-Appellant.

First District (5th Division)   Nos. 78-843, 78-920 cons.

Opinion filed March 30, 1979.

Stefan H. Krieger, Alan S. Gilbert, Nancy Boyland Collins, James Latturner, and Yvonne Rosmarin, all of Legal Assistance Foundation, of Chicago, for appellants.

Alan Kawitt, of Chicago, for appellees City-Wide Realty Co. and C & A Management, Inc.

Herman Grant, of Chicago, for appellee Aronson Furniture Company.

Mr. JUSTICE MEJDA delivered the opinion of the court:

Plaintiffs obtained judgments by confession on leases signed by Fryer and Jordan, and on a retail installment contract signed by Matos. In the cases involving Fryer and Jordan, plaintiffs began confirmation proceedings and Fryer and Jordan moved to file answers, affirmative defenses and counterclaims. The motions were denied and the trial court allowed time for Fryer and Jordan to file motions to open the judgments under Supreme Court Rule 276 (Ill. Rev. Stat. 1975, ch. 110A, par. 276), along with supporting affidavits and proposed responsive pleadings as required by Rule 276. In the alternative, the trial court provided that Fryer and Jordan could move the court to allow an interlocutory appeal of its ruling pursuant to Supreme Court Rule 308. (Ill. Rev. Stat. 1975, ch. 110A, par. 308.) We granted the application for leave to appeal.

In the case involving Matos, plaintiff served summons to confirm the confessed judgment, and Matos moved to file his answer and counterclaims in the confirmation action. Although the documents appear of record, the motion for leave to file was denied, and Matos was ordered to file a motion to open the judgment under Rule 276. Matos moved to vacate the order refusing to allow him to file responsive pleadings in the confirmation action. The motion was denied and Matos filed a motion to reconsider and to stay all proceedings. While these motions were pending, plaintiff orally moved to dismiss the confessed judgment. Matos' motion to reconsider was granted, and the court again denied his motion to vacate. Plaintiff's motion was granted, however, and the judgment by confession was vacated and dismissed and Matos appealed. The three cases have been consolidated in this court. We reverse and remand.

Opinion

The principal issue raised on appeal is whether a defendant who has been served with a summons in a proceeding to confirm a judgment by confession may file responsive pleadings and proceed to trial without first opening the confessed judgment by prevailing on a motion filed pursuant to Rule 276. Defendants also raise two subordinate issues: (1) whether the procedure followed by the trial court was violative of the due process and equal protection clauses of the United States Constitution; and (2) whether the trial court properly allowed plaintiff in the Matos case to dismiss the confessed judgment.

Defendants contend that the confirmation proceedings are brought under section 12 of the wage deduction act (Ill. Rev. Stat. 1975, ch. 62, par. 82) which requires a trial *de novo*, and that defendants' pleadings should therefore have been allowed. Plaintiffs, on the other hand, maintain that Rule 276 and section 12 are inconsistent and that the procedures set out in Rule 276 should therefore prevail.

We note preliminarily that the summons for confirmation proceedings does not state whether the confirmation is sought as the basis for a wage deduction order under the wage deduction act or as the basis for a nonwage deduction pursuant to General Order No. 6.4(b) of the circuit court of Cook County effective August 24, 1972, following the decision in *Scott v. Danaher* (N.D. Ill. 1972), 343 F. Supp. 1272. However, because the wage deduction act establishes the procedure as well as the requirements for a confirmation proceeding, and because it was enacted before General Order No. 6.4(b) issued, we consider section 12 of the wage deduction act to govern the confirmation proceedings, whether for wage or nonwage deductions.

■■ Section 12 of the wage deduction act provides in pertinent part:

> "A judgment by confession without service of process on the defendant shall not be the basis for seeking a deduction order, unless such judgment is confirmed after service of process by a trial de novo, as if such confession of judgment had not been obtained * * *." (Ill. Rev. Stat. 1975, ch. 62, par. 82.)

The confirmation of a confessed judgment is a prerequisite for the issuance of a summons for a wage deduction order because a "judgment creditor" as defined by the wage deduction act cannot be a creditor who holds an unconfirmed confessed judgment. (*People ex rel. Abbey & Hall v. McDonough* (1962), 24 Ill. 2d 503, 182 N.E.2d 161; Ill. Rev. Stat. 1975, ch. 62, par. 71.) In a trial *de novo*, both parties have the right to present any matters of evidence or law in support of their claims. (See *Burstein v. Millikin Trust Co.* (1954), 2 Ill. 2d 243, 245, 118 N.E.2d 293, 294.) Consequently, if the instant case is controlled by section 12 of the wage

deduction act, defendants should have been allowed to file their responsive pleadings.

Rule 276 provides in pertinent part:

> "A motion to open a judgment by confession shall be supported by affidavit in the manner provided by Rule 191 for summary judgments, and shall be accompanied by a verified answer which defendant proposes to file. If the motion and affidavit disclose a prima facie defense on the merits to the whole or a part of the plaintiff's demand, the court shall set the motion for hearing. The plaintiff may file counteraffidavits. If, at the hearing upon the motion, it appears that the defendant has a defense on the merits to the whole or a part of the plaintiff's demand and that he has been diligent in presenting his motion to open the judgment, the court shall sustain the motion either as to the whole of the judgment or as to any part thereof as to which a good defense has been shown, and the case shall thereafter proceed to trial upon the complaint, answer, and any further pleadings which are required or permitted. If an order is entered opening the judgment, defendant may assert any counterclaim, and plaintiff may amend his complaint so as to assert any other claims, including claims which have accrued subsequent to the entry of the original judgment. * * * The original judgment stands as security, and all further proceedings thereon are stayed until the further order of the court, but if the defense is to a part only of the original judgment, the judgment stands as to the balance and execution may issue thereon. * * *." Ill. Rev. Stat. 1975, ch. 110A, par. 276.

It is immediately apparent that section 12 and Rule 276 afford plaintiffs and defendants, respectively, a means of pursuing their rights with regard to confessed judgments without forcing either party to wait for the other to act.

■■ The confirmation proceeding places the burden of going forward on the plaintiff, while Rule 276 places that burden on a defendant. It is not necessary for a plaintiff to confirm a confessed judgment unless he wishes to enforce that judgment through a wage or nonwage deduction, for other means of executing the judgment are not foreclosed to him. The confirmation proceeding is initiated by the plaintiff if and when he wishes to use a confessed judgment as the basis for seeking a wage deduction. Once summons issues, the confirmation proceeding is conducted as a trial *de novo* with all matters of the trial, such as pleading and discovery, governed by the Civil Practice Act. Ill. Rev. Stat. 1977, ch. 110, par. 1 *et seq.*

■ A Rule 276 motion, on the other hand, is the defendant's means of obtaining relief from a confessed judgment and seeking a full

determination of the merits. It is not necessary for a defendant to wait for a plaintiff to initiate a confirmation proceeding in order to allow defendant to file a Rule 276 motion. (See, *e.g., Burkett v. Finger Lake Development Corp.* (5th Dist. 1975), 32 Ill. App. 3d 396, 336 N.E.2d 628.) Most significantly, a Rule 276 motion differs from a section 12 confirmation proceeding in that, in a Rule 276 proceeding, the defendant's right to plead his case is determined by the court in an exercise of its discretion, while in a section 12 proceeding the defendant's right to plead arises from the action of the plaintiff.

We disagree with plaintiffs' contention that the two provisions are inconsistent and that Rule 276 therefore governs. It is obvious that section 12 and Rule 276 pertain to different remedies which may, in certain instances, lead to the same result. Plaintiffs have cited no authority, nor can we find any, to support their position. The cases relied upon by plaintiffs were decided on the basis of Rule 276 motions without consideration of the procedure to be followed in an action to confirm a judgment. *People v. Jackson* (1977), 69 Ill. 2d 252, 371 N.E.2d 602, also cited in support of their contention that Rule 276 prevails, is also inapplicable. *Jackson* held only that *voir dire* is a judicial function and that where statutory procedures for *voir dire* conflicted with those set forth by Supreme Court rule, the rule would prevail because the statute encroached on judicial territory.

Because section 12 and Rule 276 clearly create separate procedures for the individual parties, we hold that where a plaintiff initiates a proceeding under section 12, a defendant should not be forced to assume the burden of a Rule 276 motion before being allowed to plead. Such a requirement would acknowledge the very judgment that is to be disregarded in proceeding *de novo* under section 12.

In light of our conclusion, it is not necessary to reach the constitutional questions raised by defendants. However, the dismissal of the confessed judgment against Matos pursuant to plaintiff Aronson Furniture Co.'s motion does require comment.

While Matos' motion to stay proceedings and to reconsider the denial of his motion to vacate was pending, Aronson Furniture Co. entered an oral motion to dismiss the confessed judgment and the trial court vacated the judgment and dismissed Aronson's complaint. We conclude that this was improper.

■ Section 52(1) of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 52(1)) provides that a plaintiff may dismiss his action at any time before trial or hearing begins upon notice to the other parties and payment of costs. "Thereafter he may dismiss, only on terms fixed by the court (a) upon filing a stipulation to that effect signed by the defendant, or (b) on motion specifying the ground for dismissal, which shall be

supported by affidavit or other proof. After a counterclaim has been pleaded by a defendant no dismissal may be had as to him except by his consent." The confirmation proceeding was to have been conducted as a trial *de novo*. At the time of the dismissal the trial had not taken place. Matos had filed his counterclaim, although the trial court chose not to consider it, and Aronson could therefore only dismiss its action with the consent of Matos. Aronson instead made an oral motion, and the dismissal thus should not have been allowed.

It should also be noted that even if Matos had not filed a counterclaim Aronson could not have dismissed his complaint. Aronson's motion was made after the confessed judgment was entered, and although it was not confirmed for purposes of enforcement by wage or nonwage attachments, it could be enforced in other ways. Post-judgment motions in nonjury cases are governed by section 68.3 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 68.3) which provides for the retrial of a matter or for the modification or vacature of the judgment. There is no provision for the dismissal of the entire action once the judgment is entered.

■■ To summarize our conclusions, once summons issued to initiate the confirmation proceedings, the case was to be tried *de novo*, and the defendants should have been allowed to plead in response to plaintiffs' claims regardless of whether or not defendants chose to proceed under Rule 276. Section 12 and Rule 276 provide for distinct procedures, neither of which should be a prerequisite for the other. The dismissal of the confessed judgment pursuant to plaintiffs' motion was also improper. Accordingly, the orders of the circuit court ordering defendants to proceed under Rule 276 and the order vacating the confessed judgment against Matos and allowing Aronson to dismiss their complaint are reversed and the causes are remanded for further proceedings consistent with this opinion.

Orders reversed; causes remanded.

SULLIVAN, P. J., and WILSON, J., concur.