**In re John L. HAYES & Frances J. Hayes.**

**Bankruptcy No. 382–00246.**

United States Bankruptcy Court, C.D. Illinois.

June 15, 1983.

Thomas Schanzle-Haskins, Springfield, Ill., for Pleasant Plains State Bank and Illinois National Bank.

David K. Harris, Springfield, Ill., for debtors.

## OPINION AND ORDER

BASIL H. COUTRAKON, Bankruptcy Judge.

This case has been re-opened to hear a Motion by plaintiff-debtors to Determine the Status of the Claims of the Pleasant Plains State Bank, hereinafter Pleasant Plains, and of The Illinois National Bank of Springfield, hereinafter, the INB.

The problem arises from promissory notes signed by John L. Hayes and dated June 24, 1980 and August 8, 1980 in the amount of $2500.00 and $59,000.00 respectively. The proceeds of each note were to be used for business purposes. The following language allowed creditor Pleasant Plains to file a Complaint And Confession On Judgment Note on December 22, 1980:

> To further secure the payment of this Note, each of the undersigned hereby irrevocably authorizes any attorney of any court of record to appear for him in such court, at any time after maturity, whether by acceleration or otherwise, either in term time or vacation, without process, and to confess judgment against him alone or against him and one or more of the other Borrowers of this Note, in favor of the Holder hereof, for such execution upon such judgment. *The lien created by any judgment taken by confession pursuant to this paragraph shall not apply to any real property which is used or which is expected to be used as the principal residence of the Borrower and guarantors of this Note* . . . (emphasis supplied)

With interest and attorney's fees the judgment was for $65,047.36. A memorandum of judgment for that amount was filed with the Sangamon County Recorder of Deeds the same day.

To confirm the judgment by confession the creditor personally served John L. Hayes on December 28, 1980. Attorney Thomas F. Sonneborn filed his appearance on behalf of Hayes in Sangamon County Circuit Court on January 16, 1981. An order reciting that both Plaintiff Pleasant Plains and Hayes were represented in Court by attorneys, was entered on March 6, 1981. This Order confirmed the December 22, 1980 Judgment by Confession. It is this order upon which Pleasant Plains and the INB, who participated in the loan, base

their claim. It is this sequence, beginning with the Confession of Judgment, with which the debtors find fault.

Debtors were granted an order for relief under Chapter 7 of the Bankruptcy Code on their voluntary Petition filed February 19, 1982.

The debtors' exception to the claim is based upon the underlined sentence of the note. The Court agrees with the debtors to the extent that this contractual language should strictly limit the placing of liens on residential real property. Yet the language was merely that a judgment by confession not be the basis of such a lien. The clear intent of that language was that the debtors know and be able to introduce defenses to a judgment and lien on their very home.

In other words, to safeguard the debtors' concern, the procedure should be more than a rubber stamp of the confession judgment. A similar concern was expressed at that time in Ill.Rev.Stat.1979, ch. 62, par. 82 (currently in the Illinois Code of Civil Procedure, Ill.Rev.Stat.1981, ch. 110, par. 12–813). That statute provides in part:

A judgment by confession without service of process on the defendant shall not be the basis for seeking a deduction order, unless such judgment is confirmed after service of process by a trial de novo, as if such confession of judgment had not been obtained. . . .

This statute sets forth a similar prohibition for deduction orders as the promissory note set forth for a residence. Nevertheless, the statute recognizes the ultimate concern of notice and defense and requires a trial *de novo*.

The Illinois Supreme Court said in *Gould Construction Co. v. Industrial Com.*, 311 Ill. 472, 143 N.E. 73 that

A trial *de novo* means a complete new trial on the cause, in which each party may introduce such competent evidence as he desires without regard to any previous trial. Merely directing the record to show that a trial *de novo* is granted, and then deciding the case on the evidence which had been previously heard,

is in no sense a trial *de novo*. *Id.* at p. 478, 143 N.E. 73.

See also *People ex rel. Abbey & Hall v. McDonough*, 24 Ill.2d 503, 182 N.E.2d 161; *Jones v. Kreish*, 1972, 6 Ill.App.3d 1057, 286 N.E.2d 808; *Cutter v. Hammer Emp. Credit Union v. Bess*, 1972, 6 Ill.App.3d 956, 286 N.E.2d 83.

Here the debtors had process served upon them and had their chance for a 'day in court' by the steps the banks took to confirm their confession judgment. Such is reflected in the March 6, 1981 Order.

■ Thus this Court holds that the cure for confession judgments in deduction orders is the same as for this confession judgment. In so saying the Court is not simply holding that there is analogous language of prohibition, but that there is an analogous concern that something so important to a debtor as his wages or his home should not be so easily taken without process and an opportunity to introduce defenses.

Critics have even argued that confession of judgment clauses ought to be abolished or severely limited in Illinois as postjudgment procedures to open or vacate confessed judgments do not come at a 'meaningful time.' Creditors, with a judgment in hand, can immediately enforce the obligation. See Confession of Judgment Clause; Residential Leases. William L. Niro, 1979, 28 De Paul L.Rev. 645. It was with the same hope of having a 'meaningful time' to defend his home that Hayes executed the promissory note. That 'meaningful time' was at the confirmation proceeding, before which there was no valid residential lien.

The debtors, however, argue the bank lien is invalid now merely because it arose from a memorandum of judgment filed the same day as a confession of judgment that could not support a residential lien. Yet the Court has held that the confirmation cured the confession judgment. Would not the lien be cured as well?

A deeper inquiry by the Court has led to the troubling possibility that the doctrine

 

of merger, used by the banks to defend their claim, might actually defeat the lien of a judgment that has been 'cured.' *McDonald v. Culhane*, 303 Ill.App. 101, 24 N.E.2d 737 (1940) is one of the leading cases on merger in Illinois. The state appellate court followed the minority rule "that the obtaining of a second judgment on a previous one operated as a merger and the extinguishment of the first judgment *and its lien* irrespective of whether the second judgment is for a less or greater sum." *id.* at p. 103, 24 N.E.2d 737. (emphasis supplied) Consequently, the Court is faced with the ironic proposition that the bank, by giving the debtor his day in court, could have extinguished any possible lien, residential or otherwise, it might have had. That broad proposition, however, is not now at issue, but simply whether or not there is a perfected residential lien in favor of the banks. And there is not.

As the clear language in the promissory note did not allow a residential lien, the filing of the memorandum of judgment on December 22, 1980 did not create a perfected lien on the Hayes residence. Perhaps a perfected lien was thereby placed on other Hayes real estate in Sangamon County, Illinois, but again that is not at issue here. More importantly, there is no evidence of any filing of a memorandum of judgment after the March, 1981 order and before the Petition in Bankruptcy.

Therefore, the second holding must be that, as there never was a lien on the Hayes residence, the confirmation of the judgment by confession had no residential lien to cure.

This result may initially appear onerous. Nonetheless, a third party creditor who had searched in the Sangamon County Recorder of Deeds Office would have found a memo on a confession of judgment. The note attached to the confession of judgment would have indicated an exclusion of the residence. There was never any notice to the world that the confession of judgment concern had later been resolved. Again, a new filing, of a memorandum of the confirmed judgment in the recorder's office, after the confirmation, should have been done to create a judgment lien on the residential real estate. There being no such recording, the judgment debt of the bank was, at the time of the filing of debtor's petition in bankruptcy, an unsecured debt which a bankruptcy would discharge.

The Court hereby ORDERS that the unsecured debt of $65,047.36 incurred by John J. Hayes be discharged, that the banks' Motion to Dismiss be denied and that each party bear its own costs.