504

May H. Deibler and J. B. Deibler, Appellants, v. Bernard Bros., Inc., Appellee.

Gen. No. 42,677.

Opinion filed June 21, 1943. Rehearing denied July 6, 1943.

MARVIN WALLACH, of Chicago, for appellants; LLOYD C. WHITMAN, of Chicago, of counsel.

JOHN TONE KELLY and HARRY L. PETERS, both of Chicago, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

July 8, 1942, plaintiffs, lessors, caused judgment by confession to be entered against defendant, lessee, on a written lease for $583.75, being the amount of rent claimed due under the lease for the months of June and July, 1942, plus $82.50 attorney's fees and $1.25 for interest. On the next day an execution was issued on the judgment and returned the same day, no property found. On the following day, July 10, a garnishee *praecipe* and statement of claim was filed in which the Evanston Trust & Savings Bank was named as garnishee. It was served with process July 11, 1942, en-

tered its appearance and answered interrogatories filed. The garnishee's answer was contested. August 26, 1942, counsel for defendant filed its petition accompanied by an affidavit which set up a number of orders issued by the Federal Government restricting the sale of automobiles for which purpose defendant had rented the premises and that by reason of the governmental orders, defendant vacated and surrendered the premises January 10, 1942. The prayer of the petition was that an order be entered declaring the lease cancelled by operation of law, that the judgment entered by confession be set aside and vacated and the garnishee summons quashed. Plaintiffs filed an answer to the petition. Other pleadings and affidavits were filed and September 24, 1942, the matter came on for hearing; no evidence was heard, the court vacated the judgment, dismissed the suit and plaintiffs appealed to the Supreme Court of Illinois. That court transferred the case and it is now before us.

The lease provided that the premises were to be used for "Automobile Showroom & Garage located at 22 & 24 So. First Street, Highland Park, Ill.," and for no other purpose. As stated, the judgment by confession was entered July 8, 1942 and defendant's motion to vacate was not filed until August 26, 1942.

Defendant's position seems to be that although the motion to vacate was not made until more than 30 days had elapsed after the judgment was entered, yet the court had jurisdiction by virtue of section 21, of the Municipal Court Act, Ill. Rev. Stat. 1941, ch. 37, par. 376, § 21 [Jones Ill. Stats. Ann. 108.046] and also by virtue of Ill. Rev. Stat. 1941, ch. 110, par. 196, § 72 [Jones Ill. Stats. Ann. 104.072]. On the other side, plaintiffs' position is that the "Trial court had no jurisdiction to vacate judgment as defendant failed to show diligence or a meritorious defense at law," citing Rule 26 of the Supreme Court of Illinois. We think under that rule the court had jurisdiction to hear and determine the motion to open up the judg-

ment and for leave to defend. The proceeding to open up a judgment entered by confession and for leave to defend is not based on section 21 of the Municipal Court Act nor section 72, of the Civil Practice Act but the court, in passing on such motion, exercises equitable jurisdiction. *Lake v. Cook*, 15 Ill. 353; *Solomon v. Dunne*, 264 Ill. App. 415. In such a motion the equitable circumstances are of more importance than the question of *laches*, or lack of due diligence. *Elaborated Roofing Co. v. Hunter*, 262 Ill. App. 380.

The consideration of the Federal orders entered did not prohibit the use of the leased premises for the sale of automobiles but only restricted the sale of them. *Colonial Operating Corp. v. Hannan Sales & Service*, 39 N. Y. S. (2d) 217 [265 App. D. 411]. The court in that case, in passing on Federal orders similar to the ones before us said: "the Federal orders in question did not make illegal or prohibit absolutely the showing and selling of both new and second-hand automobiles and accessories. It is clear, also, that nothing in the lease prevented the tenant from selling new automobiles to those within the exceptions above enumerated. Therefore it must be said as a matter of law that the primary purpose of the lease as to use was not frustrated, and likewise that the tenant was not relieved from continuing the use and occupation of the premises and from paying rent reserved in the lease."

We think the rule announced in the New York case is sound. These are war times and no one can expect to carry on business as usual.

The judgment of the municipal court, vacating the judgment and dismissing the suit, is reversed and the cause remanded with directions to reinstate the judgment entered by confession.

*Reversed and remanded with directions.*

MATCHETT, P. J., concurs.

MR. JUSTICE McSURELY participated in the decision of this case but passed away before the opinion was filed.