Whitely Estates Corporation, an Illinois Corporation, Plaintiff-Appellant, v. Joseph Cappelletti and Mary Cappelletti, His Wife, Defendants-Appellees.

Gen. No. 53,390.

First District, Third Division.

June 19, 1969.

Bernard Allen Fried, of Chicago, for appellant.

Charles G. Levy, of Chicago, for appellees.

MR. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court.

Judgment by confession was entered against the defendants and sixty days following the entry of the judgment, the defendants moved to "vacate" the judgment, alleging that they possessed a good defense on the merits and attached supporting affidavits. The trial court granted the defendants leave to appear and to make their defense. The court further ordered the judgment to stand as security and that the execution of judgment be stayed. It is from this order that the plaintiff prosecutes this appeal. The plaintiff contends that the motion should have been denied since the motion and attached affidavits were legally insufficient.

The initial question is whether this court has jurisdiction to entertain this appeal. The defendants contend that the order appealed from is in fact an order opening the judgment by confession which is not a final order and which is therefore not appealable.

Laxity of expression has caused some confusion between the terms "opening" a judgment and "vacating" a judgment. Such laxity is present in the instant case. Even though the motion filed by the defendants was entitled "Motion To Vacate Judgment by Confession" an examination of the court's order reveals that it must be construed as an order which opened the judgment by confession pursuant to Supreme Court Rule 276 (Ill Rev Stats 1967, c 110A, § 276) because it permits the defendants to obtain a hearing on the merits while the judgment remains in full force and stands as security. See: National Boulevard Bank of Chicago v. Corydon Travel Bureau, 95 Ill App2d 281, 238 NE2d 81; Farmers Bank of North Henderson v. Stenfeldt, 258 Ill App 428.

It is well established that an order opening a judgment by confession and granting leave to plead is not a final order and has therefore been held to be not appealable. (Skolnick v. Susco Production, 344 Ill App

559, 101 NE2d 632; Farmers Bank of North Henderson v. Stenfeldt, supra.) However, the plaintiff argues that since the defendants' motion was made more than thirty days after the entry of the judgment, the motion to vacate must be treated as a petition for post-judgment relief pursuant to section 72 of the Civil Practice Act (Ill Rev Stats 1967, c 110, § 72). The plaintiff then reasons that an appeal must lie from the order since section 72(6) provides: "Any order entered denying or *granting* any of the relief prayed in the petition is appealable." (Emphasis supplied.)

We do not agree with the plaintiff's contention that the defendants' motion to vacate should be treated as a section 72 petition for two reasons.

Firstly, Supreme Court Rule 276 specifically sets forth the requirements to open a judgment by confession. The rule significantly does not limit the time for filing such a motion to thirty days from the entry of the judgment but only requires a showing by the moving party that he has been diligent in presenting his motion. Even after a lapse of thirty days, it has been held that a trial court continues to exercise its equitable jurisdiction to hear motions to open or vacate judgments by confession. (Deibler v. Bernard Bros., Inc., 319 Ill App 504, 48 NE2d 422.) The very presence of Rule 276 reflects judicial awareness of the unusual nature of judgments by confession since they are entered without contest. For this reason, the courts, in entertaining motions seeking relief from such judgments, exercise equitable jurisdiction and apply different considerations from those involved when a party seeks relief from other types of judgments. (See: Klingbiel, Relief From Judgments, 1951 U Ill LF 121, 143.) We would have to ignore this distinction if we were to hold that the order appealed from was based on section 72 rather than upon Supreme Court Rule 276.

Secondly, the application of section 72(6) to the instant case would give the plaintiff a right to appeal from a nonfinal, interlocutory order absent a Supreme Court Rule conferring such a right. The jurisdiction of the Appellate Court is limited to reviewing appeals from final judgments and from certain interlocutory orders specified by the rules of the Supreme Court. (LaSalle Nat. Bank v. Little Bill "33" Flavors, 80 Ill App2d 298, 225 NE2d 465.) Section 7 of article VI of the Illinois Constitution, effective January 1, 1964, provides for an appeal as of right to the Appellate Court from final judgments of a Circuit Court except from those judgments appealable directly to the Supreme Court and from judgments of acquittal after a criminal trial. Section 7 further provides:

> "The Supreme Court shall provide by rule for expeditious and inexpensive appeals. . . . The Supreme Court may provide by rule for appeals to the Appellate Court from other than final judgments of the Circuit Court."

The Supreme Court has enumerated several types of interlocutory orders which are appealable as of right to the Appellate Court in Supreme Court Rule 307, but an order opening a judgment by confession is not therein enumerated.

In People ex rel. Stamos v. Jones, 40 Ill2d 62, 237 NE2d 495, the Supreme Court held that the language in article VI, section 7 of the Illinois Constitution that "The Supreme Court shall provide by rule for expeditious and inexpensive appeals" means that the Illinois Constitution has placed responsibility for rules governing appeal in the Supreme Court and not in the General Assembly. The Supreme Court in Jones pointed out the Article VI contains five references to the rule-making power of

the Supreme Court, and in only one instance is there a manifestation of clear intent to authorize legislative interference with this rule-making power. This one instance appears in section 5 of article VI which provides: *"Subject to law hereafter enacted,* the Supreme Court has authority to provide by rule for appeal in other cases from the circuit courts directly to the Supreme Court." (Emphasis supplied.) Such a qualification does not appear in the relevant language of section 7 of the Judicial Article wherein "The Supreme Court may provide by rule for appeals to the Appellate Court from other than final judgments of the Circuit Court." This court must conclude that the Supreme Court has the sole responsibility for promulgating rules governing a right to appeal to the Appellate Court from other than final judgments. The absence of such a rule governing a right to appeal from this interlocutory order prompts us to dismiss this appeal.

Appeal dismissed.

SCHWARTZ and DEMPSEY, JJ., concur.