SERVICE FINANCE COMPANY, Plaintiff-Appellant, *v.* ALBERTA HAM-
MITT, Defendant-Appellee.

Fourth District   No. 17677

Opinion filed September 16, 1982.

Kathryn J. Mann, of Mann and Coonrad, of Winchester, for appellant.

Elizabeth Takahashi, of Pittsfield, for appellee.

JUSTICE LONDRIGAN delivered the opinion of the court:

Service Finance Company confessed judgment against the defendant, Alberta Hammitt, January 5, 1981, for $21,550 for the unpaid balance, plus interest and fees, on a note signed by Mrs. Hammitt and her husband. On June 29, 1981, the defendant filed a petition to vacate the judgment, asserting that her signature had been forged; the defendant's affidavit to that effect accompanied the motion. The trial court granted the motion, and the plaintiff appeals. We conclude, however, that the trial court's order is not an appealable one and therefore dismiss the appeal.

■■ ■ Although the defendant's motion declared that it was being made under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 72), now section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—1401), it is more appropriately classified as a motion to open a judgment by confession under Supreme Court Rule 276 (87 Ill. 2d R. 276). The correct classification of the motion is important because an order granting—or denying—relief requested under section 2—1401 is appealable by Supreme Court Rule 304(b)(3) (87 Ill. 2d R. 304(b)(3)), but an order granting a debtor's motion made under Rule 276 to open a confessed judgment is not appealable (*Whitely Estates Corp. v. Cappelletti* (1969), 112 Ill. App. 2d 157, 251 N.E.2d 397).

A petition filed under section 2—1401 does not continue the proceeding in which the order or judgment complained of was entered but instead commences a new proceeding (Ill. Rev. Stat. 1981, ch. 110, par. 2—1401(b)); furthermore, a section 2—1401 petition "does not affect the order or judgment, or suspend its operation" (Ill. Rev. Stat. 1981, ch. 110, par. 2—1401(d)). A debtor's attack on a confessed judgment contemplates more than this, which is why "a judgment by confession no longer is 'vacated' or 'set aside,' but rather is 'opened' and the litigants are afforded the opportunity for a hearing on the merits on all claims and defenses involved" (*Mangiamele v. Terrana* (1976), 42 Ill. App. 3d 305, 307, 355 N.E.2d 765, 767). Therefore, when the trial court grants a Rule 276 motion, "[t]he original judgment stands as security, and all further proceedings thereon are stayed until the further order of the court, but if the defense is to a part only of the original judgment, the judgment stands as to the balance and enforcement may be had thereon" (87 Ill. 2d R. 276).

*Kankakee Concrete Products Corp. v. Mans* (1980), 81 Ill. App. 3d 53, 400 N.E.2d 637, illustrates the distinctions between petitioning under section 2—1401 to vacate a judgment and moving under Rule 276 to open one and provides a rare example of when section 2—1401 is the proper method for attacking a judgment by confession. In that case the defendant's petition, which the trial court granted, alleged that he had signed the confessed note in a representative capacity rather than individually. The appellate court observed:

> "In the instant case it is evident the defendant treated the motion as a motion to vacate the judgment by confession and not as a motion to open pursuant to Rule 276. The defendant was not seeking to open the judgment for the purpose of obtaining a trial on the merits. The substantive relief sought by the defendant was the vacation of the judgment on jurisdic-

tional grounds." (81 Ill. App. 3d 53, 56, 400 N.E.2d 637, 639.) The note itself showed that the defendant had signed as a representative.

Although the defenses in *Mans* and here are facially similar, the methods of proof are different, for the validity of Mrs. Hammitt's signature cannot be determined by examining only the note. Indeed, the parties' lawyers contemplated a trial on the merits, for at the conclusion of the last hearing before the trial judge they discussed when they would be ready for trial. *Mans* is perhaps best explained as an instance of judicial economy.

The defendant's petition or motion here does not fit within *Mans*, which marks an exception to the adjuration of *Burkett v. Finger Lake Development Corp.* (1975), 32 Ill. App. 3d 396, 403, 336 N.E.2d 628, 634, that confessed judgments should be attacked by Rule 276 motion in "all ordinary cases." This is an ordinary case and therefore should be dealt with under Rule 276, which makes the appeal premature.

Appeal dismissed.

WEBBER and TRAPP, JJ., concur.