DAVID R. HILL *et al.*, Plaintiffs-Appellants, *v.* BEN FRANKLIN SAVINGS AND LOAN ASSOCIATION, Defendant-Appellee.

Second District   No. 82—106

Opinion filed February 9, 1983.

Thomas J. Sisul, of Sisul, Marks & Fleming, of Downers Grove, for appellants.

Gary L. Taylor, of Rathje, Woodward, Dyer & Burt, of Wheaton, for appellee.

JUSTICE VAN DEUSEN delivered the opinion of the court:

The trial proceedings in this matter are illustrative of the procedural morass in which litigants can find themselves when both a motion to confirm a judgment by confession brought pursuant to section 12 of the wage deduction act (Ill. Rev. Stat. 1981, ch. 62, par. 82) and a motion to open a judgment by confession made pursuant to Supreme Court Rule 276 (73 Ill. 2d R. 276) are pending at the same time.

A rather detailed review of the trial proceedings in this matter are necessary for an understanding of the problems present in this appeal.

During June and July 1981, Ben Franklin Savings & Loan Associa-

tion (Ben Franklin) filed several mortgage foreclosure actions designated respectively as 81 CH 538, 81 CH 599 and 81 CH 661 in the circuit court of Du Page County against homebuilder David R. Hill and Linda L. Hill, his wife. On July 24, 1981, Ben Franklin also filed a complaint and confession on a judgment note secured by the mortgage that is the subject of 81 CH 661. On that same day, a judgment in the amount of $69,697.14 was granted on the judgment note against the Hills. Also, on that same day, a summons to confirm the judgment by confession was issued, and it was subsequently served on the Hills on August 12, 1981.

On August 27, 1981, the Hills filed suit number 81 CH 810 in the circuit court of Du Page County against Ben Franklin, its president and its former loan officer. Among other matters, the complaint sought to temporarily and permanently enjoin Ben Franklin from proceeding with the pending foreclosure actions and the pending action at law on the confession of judgment in 81 L 964 and for a court order that Ben Franklin specifically perform a March 23, 1981, agreement to settle the existing financial dispute between the parties and for other relief.

The Hills filed their appearances in the Ben Franklin cases, including 81 L 964, the action for confession of judgment, on September 11, 1981, and, on September 14, 1981, they filed motions to consolidate these cases together with their own case. On September 29, 1981, Ben Franklin served a notice and motion to confirm the judgment by confession in 81 L 964. On November 19, 1981, the Hills filed in 81 L 964 a response to Ben Franklin's motion to confirm judgment by confession and prayed that the motion to confirm be denied. Further, in their prayer for relief, the Hills moved to open the judgment by confession in the matter and to set the cause for hearing. On December 2, 1981, an order was entered by agreement of the parties consolidating cases 81 CH 538, 81 CH 599, 81 CH 661 and 81 L 964 with the Hills' suit, 81 CH 810.

On December 9, 1981, the parties appeared before the trial court for a hearing on Ben Franklin's motion to confirm judgment by confession. At the same time, the parties treated the Hills' motion to open the judgment, contained in the prayer for relief in their response to Ben Franklin's motion to confirm, as if it were a separate motion brought pursuant to Supreme Court Rule 276 (73 Ill. 2d R. 276).

At the onset of the hearing, the attorneys for Ben Franklin argued successfully but erroneously that since the Hills had been served on August 12, 1981, with a summons to confirm judgment by confession and had not filed an answer or other response within 30 days as required by the summons, the Hills were barred from filing any pleading

except a petition made pursuant to section 72 of the Civil Practice Act (Ill. Rev. Stat. 1981, ch. 110, par. 72), now section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—1401). The trial judge agreed and did not proceed with a hearing on the motion to confirm judgment or on the purported motion to open the judgment, contained in the Hills' response to the motion to confirm, but rather entered an order granting the Hills 14 days to file a "section 72 motion."

■■ The trial judge's requirement that the Hills file a section 72 petition because they did not file an answer or response within 30 days of the date the summons to confirm was served upon them was improper. In the first place, a review of the record indicates the Hills did comply with the requirements of the summons and did file their appearance within 30 days as required. Further, a section 72 petition is the proper method for attacking a judgment by confession in those cases where, unlike the case at bar, the judgment debtor is not seeking to open the judgment for the purpose of obtaining a trial on the merits. (*Service Finance Co. v. Hammitt* (1982), 109 Ill. App. 3d 326, 327-28, citing *Kankakee Concrete Products Corp. v. Mans* (1980), 81 Ill. App. 3d 53, 56.) Supreme Court Rule 276 governs the procedure that is to be followed in all ordinary cases in obtaining relief from a confessed judgment (*Service Finance Co. v. Hammitt* (1982), 109 Ill. App. 3d 326, 328; *Burkett v. Finger Lake Development Corp.* (1975), 32 Ill. App. 3d 396, 403) and, while a defendant must show that he has been diligent in presenting a motion to open judgment made pursuant to that rule, there is no requirement that it be made within 30 days (*Whitely Estates Corp. v. Cappelletti* (1969), 112 Ill. App. 2d 157, 159).

On December 4, 1981, the Hills filed a motion to open the judgment by confession entered in consolidated case 81 L 964 stating that the motion was being made pursuant to "chapter 110, section 72, Illinois Revised Statutes." On January 6, 1982, the trial court held a hearing and denied the Hills' motion to open the judgment. However, the same order also gave them, in substance, the relief sought in their motion, since it provided that the judgment in 81 L 964 should stand but that all supplemental proceedings were stayed thereon and no levy should be taken thereon without leave of court. (See 73 Ill. 2d R. 276.) On February 3, 1982, the trial court entered an order. The contents of that order which are pertinent to this matter denied the Hills' motion to reconsider the denial of their alleged section 72 petition and found there was no just reason for delaying the enforcement or appeal of the order of February 3, 1982.

On February 5, 1982, the Hills filed a notice of appeal from the judgment by confession in case 81 L 964 entered on July 24, 1981, in

the amount of $69,697.14 and the denial of their motion to open that judgment by confession entered January 6, 1982.

At the outset we note that a serious question exists regarding the appealability of the two orders referred to in the notice of appeal. Even though the question is not raised by the parties, the appellate court has the duty to consider its jurisdiction over the appeal. (*Francone v. Weigel Broadcasting Co.* (1979), 79 Ill. App. 3d 991, 992.) Where there is no appealable order, it is the duty of the court to dismiss the appeal for want of jurisdiction, even if the parties are willing to forego questioning the court's jurisdiction. *Bell v. Home Federal Savings & Loan Association* (1976), 38 Ill. App. 3d 652, 654.

■ Supreme Court Rule 301 (87 Ill. 2d R. 301) provides in pertinent part that every final order in a civil proceeding is appealable as a matter of right. Considering the current procedural posture of this matter, it does not appear that the orders from which this appeal is taken were final orders. Nor does the finding of the trial court made on February 3, 1982, that there was no just reason for delaying enforcement or appeal of that order bestow the necessary finality. (*Oak Brook Bank v. Citation Cycle Co.* (1977), 45 Ill. App. 3d 1053, 1057.) Such a finding, when made, simply makes appealable a final order in a multiple claims context. (*Bloom v. Landy* (1979), 72 Ill. App. 3d 383, 395-96.) A final order which is necessary for this court to have jurisdiction on appeal from the trial court must terminate the litigation on the merits or dispose of the rights of the parties upon the entire controversy or some definite part thereof. *Irvin v. Poe* (1974), 18 Ill. App. 3d 555.

■ The orders entered in this cause from which the Hills seek to appeal did not in any way terminate the litigation on the merits of the entire case or any part thereof. There is no doubt that, upon entry, the July 24, 1981, order granting judgment against the Hills in the amount of $69,697.14 was a final order. However, it ceased to be a final judgment when Ben Franklin caused the summons to issue to confirm the judgment by confession. "Once summons issues, the confirmation proceeding is conducted as a trial *de novo* with all matters of the trial, such as pleading and discovery, governed by the Civil Practice Act. Ill. Rev. Stat. 1977, ch. 110, par. 1 *et seq.*" (*City-Wide Realty Co. v. Fryer* (1979), 70 Ill. App. 3d 649, 652.) Once the confirmation proceeding is initiated, the defendant has a right to plead and the judgment is to be disregarded. See 70 Ill. App. 3d 649, 653.

However, while it was unnecessary in this case for the Hills to file a motion to open judgment under Rule 276 or a petition to vacate the judgment under section 72, the fact remains that they did file a motion to open judgment, and the court denied that motion. While the Hills'

motion to open judgment was designated as being brought pursuant to section 72, it was, in fact, a Rule 276 motion and should be considered as such. *Service Finance Co. v. Hammitt* (1982), 109 Ill. App. 3d 326, 327-28; *Lyons Brothers Lumber & Fuel Co. v. Shepherd* (1980), 81 Ill. App. 3d 213, 216; see *Whitely Estates Corp. v. Cappelletti* (1969), 112 Ill. App. 2d 157, 158-59.

Ordinarily, the denial of a Rule 276 motion, for whatever reason, is a final order because its effect is to let stand the judgment by confession. (See *Larsh v. Green Gold Farms, Inc.* (1966), 68 Ill. App. 2d 113, 116; 2 Ill. L. & Prac. *Appeal and Error* sec. 132 (1953).) However, as pointed out above, because of the pendency of the confirmation proceeding in this cause, the judgment on the confession note was no longer final. Nevertheless, the Hills, as defendants in the confession of judgment proceeding 81 L 964, chose to have the court rule on their motion to open the judgment. In so doing, they submitted two issues to the court for determination: (1) whether the defendants had a meritorious defense and (2) whether defendants had been diligent in presenting their motion. 73 Ill. 2d R. 276.

While the trial judge did not set forth specifically his grounds for denial of the motion to open the judgment, an examination of the record discloses that the trial court did not deny the motion on the grounds that the Hills did not have a meritorious defense. Rather, his ruling indicates to the contrary and discloses that the court's intent was that the Hills, in fact, were entitled to a determination and a hearing on the merits of their defense at the hearing to be held on Ben Franklin's motion to confirm the judgment. Counsel for Ben Franklin, with refreshing frankness, agrees that such was the intent of the trial court in denying the Hills' motion.

■ We must necessarily conclude that, under the rather novel circumstances created by the procedural steps present in this case, there has yet been no decision on the merits on the issues pending between the parties. Therefore, neither order appealed from is presently a final and appealable order, and this appeal must be dismissed.

Appeal dismissed.

SEIDENFELD, P.J., and LINDBERG, J., concur.