FARMER CITY STATE BANK, Plaintiff-Appellee, v. JOHN T. HENRY *et al.*, Defendants-Appellants.

Fourth District    No. 4—85—0026

Opinion filed November 19, 1985.—Rehearing denied December 30, 1985.

Steven N. Mottaz, of Thomas, Mottaz, Eastman & Sherwood, of Alton, for appellants.

John N. Stevens, of Bloomington, for appellee.

JUSTICE WEBBER delivered the opinion of the court:

Defendants have appealed certain orders of the circuit court of DeWitt County, the net effect of which were to sell nonexempt personal property of the defendants to satisfy a judgment by confession entered by that court upon the defendants' note in the face amount of $60,000. The plaintiff has filed in this court a motion to dismiss the appeal for lack of jurisdiction. That motion was taken with the case, and our ruling is set forth below.

The facts are prolix and involve another case decided by this court on even date with the instant one. *Farmer City State Bank v. Champaign National Bank & Henry* (1985), 138 Ill. App. 3d 847.

For convenience we shall refer to the instant case as *Henry I* and the companion case as *Henry II*.

On July 24, 1980, the plaintiff Farmer City State Bank (bank) loaned $60,000 to defendants John and Evelyn Henry (Henrys), who executed their promissory note in favor of the bank in that amount. The note contained the standard confession provision. On the same date the Henrys executed a first mortgage to the bank to secure the loan. They had a prior loan from the bank and on the same date they

executed a junior mortgage to the bank to secure that loan which was in the amount of $345,000.

On March 1, 1982, the bank took judgment by confession on the $60,000 note and following that, on April 14, 1982, filed suit in the circuit court of DeWitt County to foreclose both mortgages. The property was ultimately sold under foreclosure on November 28, 1983, to the bank for $170,000. Deficiency decrees were entered against John Henry in the amount of $95,464.14 and against Evelyn Henry in the amount of $86,998.37. These deficiencies were the subject of the appeal in *Henry II*. An examination of the opinion in that case reveals that those were affirmed.

Following the entry of the judgment by confession for $60,000, the trial court entered a second judgment order adding to the original judgment $6,680.83 in interest and $330 in attorney fees for the bank. Protracted supplementary proceedings were instituted by the bank in an effort to collect the judgment. These are the principal subject matter of the instant appeal together with the motion to dismiss. Since we have concluded that appellate jurisdiction is lacking for most of the orders entered during these proceedings, only a brief resume of them is necessary.

| | |
|---|---|
| March 9, 1982: | writ of general execution against the Henrys obtained by the bank. |
| March 16, 1982: | citation to discover assets against Evelyn Henry together with summons to confirm judgment. |
| May 18, 1982: | alias citation to discover assets against John Henry. |
| June 16, 1982: | motion by John Henry to quash execution and to open judgment. |
| June 16, 1982: | Henrys file voluntary bankruptcy. Ultimately dismissed on January 17, 1983. |
| June 16, 1982: | companion motion by Evelyn Henry to open judgment. |
| February 10, 1983: | trial court denied motions to vacate or open judgment. |
| April 29, 1983: | application by Henrys to quash levy. |
| May 18, 1983: | trial court denied application but stayed execution for seven days to allow Henrys to file amended application. |
| May 25, 1983: | amended application filed by Henrys. |
| June 13, 1983: | amended application denied by trial court. |

| | |
|---|---|
| June 17, 1983: | amended application again denied but sale of personal property stayed until after foreclosure sale. |
| March 26, 1984: | motion by Henrys to quash all proceedings subsequent to issuance of certified copy of judgment. |
| June 29, 1984: | motion to quash proceedings denied by trial court. |
| November 30, 1984: | petition for emergency relief filed by Henrys and denied by trial court. |
| December 1, 1984: | sale of personal property held—proceeds $97,247.75. |
| December 21, 1984: | Henrys filed objections to report of sale. |
| January 9, 1985: | hearing on objections. |
| January 14, 1985: | trial court entered order approving sale and directing disposition of proceeds; $44,604.26 to bank as partial satisfaction. |
| January 18, 1985: | Henrys filed amended notice of appeal covering all orders. |

We turn attention first to the motion to dismiss the appeal. The bank argues in summary that all of the orders entered more than 30 days prior to the date of the notice of appeal cannot be the subject of appeal for lack of timeliness under Supreme Court Rule 303. (87 Ill. 2d R. 303.) It further argues that the orders of January 1985 have not been contested in the Henrys' brief and therefore have been waived. The Henrys, on the other hand, argue that all of the prior orders are interlocutory and that the final order of January 14, 1985, carries with it all prior orders.

For the reasons set forth below, we hold that only the orders of January 9 and January 14, 1985, are within our appellate jurisdiction. We further hold that the issue of these orders has been properly raised by the Henrys by the allegation in their brief that the debt was satisfied by the foreclosure sale. The motion to dismiss is therefore allowed as to all orders other than those of January 9 and January 14, 1985; it is denied as to the latter.

The denial of a motion to open a judgment by confession is a final order and hence appealable. (*Hill v. Ben Franklin Savings & Loan Association* (1983), 112 Ill. App. 3d 750, 445 N.E.2d 868; *Larsh v. Green Gold Far■ s, Inc.* (1966), 68 Ill. App. 2d 113, 214 N.E.2d 924.) The rationale is that the denial of the motion allows the judgment to stand. The *Hill* court, while acceding to the rule, found the order there interlocutory because of the pendency of confirmation proceedings, and

stated that the circumstances of the case were "novel." *Hill v. Ben Franklin Savings & Loan Association* (1983), 112 Ill. App. 3d 750, 755, 445 N.E.2d 868, 872.

■ We do not find that the *Hill* exception applies to the instant case. Summons to confirm the judgment was issued against Evelyn Henry only and the trial court noted that there was never any formal action taken to confirm. Confirmation of a confessed judgment is required only where a plaintiff seeks to enforce it through a wage or nonwage deduction. (See Ill. Rev. Stat. 1983, ch. 110, par. 12—813.) Other methods of executing on the judgment are not foreclosed by the absence of formal confirmation proceedings. (*City-Wide Realty Co. v. Fryer* (1979), 70 Ill. App. 3d 649, 388 N.E.2d 980.) The record in the instant case is clear that confirmation proceedings were never contemplated. The appeal time on the motions to open had long since passed when the notice of appeal was filed. We have no jurisdiction over those orders.

Next to be considered are the various motions and orders relating to the matter of quashing the levy and execution on the judgment. None of these orders was directly appealed. The Henrys seek to treat these orders as extensions of the supplementary proceedings which were instituted shortly after judgment was taken on the note. Such is not the law.

■ It has long been held in this State that an order awarding, denying, quashing or refusing to quash an execution is a final order. (Compare *Farmers Bank v. Stenfeldt* (1930), 258 Ill. App. 428; *Halberg v. Fick* (1920), 218 Ill. App. 223.) The rule had its genesis in *Sloo v. State Bank* (1837), 2 Ill. 428, and no case has been found which overrules the principle. The methods of appealing such an order have changed since those cases were decided, especially since the provision in the Illinois Constitution of 1970 making all final orders of a circuit court appealable (Ill. Const. 1970, art. VI, sec. 6), but the rationale remains the same. Justice requires an immediate appeal from such rulings in order that a debtor may save his property from being confiscated by a void legal process if execution is awarded; and on the other side of the coin that the property may not escape the just demands of the creditor if a denial of execution is erroneous.

■ In the instant case the last order of June 17, 1983, denying the Henrys' motion to quash execution finally adjudicated the rights of the parties relative to their interests in the Henrys' personal property. All that remained to be done was to hold the sale and distribute the proceeds. Hence a direct appeal lay pursuant to Supreme Court Rule 301 (87 Ill. 2d R. 301). The trial court had stayed all proceedings regarding

the sale of the personal property until after the foreclosure sale, but no appeal was taken until January 18, 1985. We have no jurisdiction over those orders.

Since we have found appellate jurisdiction lacking, we decline to consider the various alleged errors and deficiencies in the judgment and execution orders. We do, however, have appellate jurisdiction over the orders of January 9 and January 14, 1985, concerning the distribution of proceeds from the execution sale of personal property.

It must be borne in mind at all times that the instant case, *Henry I*, is concerned solely with the confessed judgment on the $60,000 debt. The two cases demonstrate what a tangled web can be woven when the payee-mortgagee elects to proceed both on the note and the mortgage.

■ It is fundamental that a mortgagee may pursue concurrent remedies but that he is entitled to only one satisfaction. (27 Ill. L. & Prac. *Mortgages* sec. 325 (1956).) It will be recalled that the foreclosure sale took place on November 28, 1983, and that the sale of personal property, here involved, took place on December 1, 1984. The bank purchased the real estate at the foreclosure sale for $170,000. The foreclosure covered both notes, the $60,000 senior debt and the $345,000 junior debt. The debts merged into the foreclosure judgment, and the proceeds from the foreclosure sale should have been first applied to the senior debt of $60,000. (*McDonald v. Culhane* (1940), 303 Ill. App. 101, 24 N.E.2d 737.) Since the sale proceeds were more than $60,000, that debt was retired by the sale and the execution sale involved here was unnecessary to satisfy the confessed judgment. (*Benjamin Harris & Co. v. Western Smelting & Refining Co.* (1944), 322 Ill. App. 609, 54 N.E.2d 900.) Holders of judgments who have been paid have no right to proceed further under levy of execution, and the court from which execution issues should set aside the execution and sale after satisfaction. 18 Ill. L. & Prac. *Executions* sec. 49 (1956).

We point out that the deficiency judgments affirmed in *Henry II* are not involved in the instant case. The proceedings here in *Henry I* are on the confessed judgment.

The bank has raised two arguments in support of its position. First, it states that the point was never raised specifically in the trial court and hence the Henrys have waived it. We do not agree.

The supreme court very recently stated:

> "We recently observed that this court 'will consider an issue not raised in the circuit court if the record contains all the factual material that is necessary to decide the issue.' (*Bell v. Louisville & Nashville R.R. Co.* (1985), 106 Ill. 2d 135, 142.)" *Wimmer v.*

*Koenigseder* (1985), 108 Ill. 2d 435, 439.

■ The record here amply supports the fact that there was a foreclosure sale in *Henry II*, that the property was sold for $170,000, and that the sale was predicated upon the $60,000 note involved here, as well as other indebtednesses, junior to the $60,000. Furthermore, at the behest of the bank, all costs of that sale were charged against the proceeds of the levy and execution sale in this case. As a matter of law the foreclosure sale satisfied the $60,000 debt.

■ Second, the bank claims that the Henrys' appeal in *Henry II* rendered the sale incomplete and thus the sale in the instant case, *Henry I*, was required to satisfy the judgment. It cites section 12—149 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 12—149) in support of that proposition. That section provides in substance that the right, title and interest of a purchaser at a foreclosure sale is not affected by the pendency of an appeal *unless* the purchaser was a party to the proceedings. In this case the bank was a party to the proceedings and likewise was a party in *Henry II*. *Henry II* has been affirmed by this court, and thus we come the full cycle: the $60,000 debt was retired by the foreclosure sale, and by obtaining proceeds from the execution sale here the bank has enjoyed a double recovery.

It remains to be decided what disposition is to be made of this case. It will be recalled that the sale of the personal property yielded $97,247.75 and that after deducting costs $44,604.26 was awarded to the bank as a "partial satisfaction" of the $60,000 judgment to which it was not entitled since the judgment had been satisfied by the foreclosure sale.

■ Foreclosure is an equitable action, and a court of equity possesses the power to control the manner of execution of its decrees. *First National Bank v. Bryn Mawr Beach Building Corp.* (1937), 365 Ill. 409, 6 N.E.2d 654.

■ The order of the circuit court of DeWitt County directing the distribution of the proceeds from the sale of the personal property is therefore vacated and the cause is remanded to that court with directions to reconsider the distribution in the light of the satisfaction of the judgment in this case, the existence of deficiency judgments in *Henry II*, and the rights of any intervening creditors.

Order vacated and cause remanded with directions. Motion to dismiss appeal by appellee allowed in part and denied in part.

GREEN, P.J., and McCULLOUGH, J., concur.