I agree that the trial court should be affirmed, but I arrive at that conclusion by a slightly different analysis and suggest that much of what is said in the principal opinion must be construed as dicta.
I believe that everyone concerned in this litigation has been bemused and misled by the mortgage given by Cox. It might well be designated as the "wild card" in this legal deck. The record is clear that the Beardstown Bank never had a mortgage from the corporation, the principal. Whose fault this might be is immaterial. The legal fact is that at the time of Tiemann's death, the bank held only the general guaranties of Tiemann and Cox, and Cox succeeded to the title of the real estate as surviving joint tenant. There seems to be no question that the corporation was in default and therefore the bank was privileged to proceed against both Tiemann and Cox on their guaranties. Under familiar rules of suretyship, it could hold either or both liable.
The bank then took a two-pronged approach: It filed a claim in the Tiemann estate and took a mortgage from Cox together with an agreement to forbear against her for an indefinite time. I cannot construe "immediately" as anything other than a vague and unascertained forbearance.
Two things are apparent from his action by Cox and the bank: First, Cox gave additional security for her liability. In 72 C.J.S. Principal Surety sec. 154, at 643 (1951), it is stated, "A surety is not discharged by the act of the creditor or obligee in taking additional security, or receiving possession of property of the principal, although it is sufficient to pay the debt." A fortiori, a co-surety would not be discharged.
Second, Cox received an indefinite extension agreement. It has long been the law in this State that such an extension is not sufficient to discharge a surety. In Field v. Brokaw (1893),148 Ill. 654, 671, *Page 519 
37 N.E. 80, 84, it is stated:
 "It is next contended that she was released by certain extensions of the time of payment of the money secured by the mortgage. * * * Merely allowing the mortgage to run from year to year and receiving payment of the interest is not sufficient to discharge a surety. To have that effect, there must be a valid and binding agreement for an extension, for a definite period, entered into, upon a valuable consideration." (Emphasis added.) (See generally 72 C.J.S. Principal Surety sec. 175, at 652 (1951).)
Thus, neither the giving of the mortgage nor the indefinite forbearance contained therein was sufficient to discharge the Tiemann estate, a co-surety.
What is really at stake here is not only Tiemann's right of contribution against Cox but also Cox' right against Tiemann.
The right of contribution was explained in Weger v. RobinsonNash Motor Co. (1930), 340 Ill. 81, 94, 172 N.E. 7, 12, as follows:
 "`Where there are sureties for the same principal debtor and for the same debt or obligation and one or some of them have paid or satisfied more than his or their proportionate share of the debt or obligation, he or they are entitled to contribution from the other sureties in order to equalize the common burden. * * *' [Citation.] The ground of relief does not stand upon any notion of mutual contract, express or implied, by the sureties to indemnify each other in proportion, but it arises upon principles of equity, independent of contract. [Citation.] The payment for which contribution is allowed may have been effected either by a cash payment or some other way, as by a new note with additional security, and it is not necessary that the payment should have been made under actual compulsion or that the party making the payment should actually have been sued. [Citation.]"
The right of contribution is necessarily inchoate until one of the co-sureties has made payment of some kind. Until that occurs, there can be no testing of proportionate shares.
All we know in the instant case is that the bank has had a claim against the Tiemann estate allowed for the entire debt. The allowance of a claim is tantamount to a judgment. (Wheeler v.Dawson (1872), 63 Ill. 54.) Because we are told that the estate is insolvent, we cannot know what amount (if any, this being a seventh class claim) may eventually be paid. On the other hand, there is also no indication in the record as to how much Cox has paid, or will pay. She has given a *Page 520 
mortgage in partial payment, but there is no indication whether the bank will proceed to foreclose the mortgage or proceed under the guaranty. It has the option of doing either. (Farmer CityState Bank v. Henry (1985), 138 Ill. App.3d 854,486 N.E.2d 297.) However, it is limited to one satisfaction. Farmer CityState Bank v. Henry (1985), 138 Ill. App.3d 854, 486 N.E.2d 297.
The net result here appears to be the beginning of extended and piecemeal litigation. Until it is finally determined how much both the Tiemann estate and Cox have paid toward the debt (Tiemann under the adjudicated claim and Cox under either mortgage foreclosure or suit on her guaranty or both), the question of contribution must of necessity remain unresolved. That fact alone, however, does not forfend the bank from taking the action which it did in order to protect itself. Unlike tort contribution, there is no requirement that equitable contribution be brought in a pending action.