VALLEY PONTIAC-CADILLAC-JEEP-EAGLE, INC., Plaintiff-Appellant, v. JIM THORNTON PONTIAC CADILLAC, INC., Defendant-Appellee (General Motors Corporation *et al.*, Defendants in Garnishment).

Third District   No. 3—88—0546

Opinion filed August 25, 1989.

Armstrong, Surin & Engels, of Ottawa (Craig M. Armstrong, of counsel), for appellant.

Darrell K. Seigler, of Ottawa, for appellee.

PRESIDING JUSTICE WOMBACHER delivered the opinion of the court:

On January 8, 1988, Valley Pontiac entered into an asset purchase agreement with the defendant, Thornton Pontiac, in order to purchase the defendant's automobile dealership. The purchase price was set at $580,000, which included a $150,000 cash down payment.

Valley Pontiac was also granted an option to purchase the building which housed the dealership.

In contemplation of the closing of the dealership sale, a Valley Pontiac shareholder purchased the real estate occupied by the dealership.

Subsequently, Valley Pontiac entered into a management agreement with Thornton Pontiac to permit Valley Pontiac to fund the operations of the dealership, pending approval by General Motors to transfer the franchise.

In March 1988, Champion Federal Savings and Loan Association of Bloomington, which was financing Thornton Pontiac's new motor vehicles, filed suit against Thornton Pontiac. The complaint included counts alleging fraud, consumer fraud and deceptive practices, breach of contract and an action to recover paid overdraft.

The following month, Valley Pontiac entered into a substituted asset purchase agreement with Thornton Pontiac. Thornton Pontiac issued a promissory note for $150,000 to Valley Pontiac which was due and payable in the event the closing on the purchase of the dealership did not occur. The previously executed management agreement was amended to conform to the terms of the new purchase agreement.

General Motors rejected the application to transfer the franchise, citing the pending litigation brought against Thornton Pontiac by Champion Federal. General Motors informed Thornton Pontiac of its

intention to exercise its right of first refusal to purchase the dealership assets.

Subsequently, the asset purchase agreement was terminated and Valley Pontiac made demand upon Thornton Pontiac to pay on the promissory note.

Thornton Pontiac was eventually sold for $592,500 to Ozer Oldsmobile-GMC Truck, Inc. Estimated debts of the dealership at the time of the transfer were $1,489,976.25.

On July 11, 1988, Valley Pontiac filed a complaint and confession of judgment note against Thornton Pontiac; a judgment in the amount of $177,931.51 was obtained.

A few days thereafter, Valley Pontiac caused a citation to discover assets to be served upon Thornton Pontiac. Valley Pontiac also initiated third-party nonwage garnishment proceedings.

Thornton Pontiac promptly filed a motion to quash garnishment summons due to Valley Pontiac's failure to confirm the judgment. Valley Pontiac filed a motion to strike the motion to quash. The motion contended that a nonwage deduction order did not require a confirmation of the judgment.

The trial court allowed Thornton Pontiac's motion to quash, relying on Federal case law which indicated that both wage and nonwage garnishments required a confirmation to comply with due process rights. The trial court's disposition of the subject motion was made pursuant to the rule of law in *Scott v. Danaher* (N.D. Ill. 1972), 343 F. Supp. 1272. In *Scott*, the district court held that a former version of the Illinois garnishment statute, when invoked to satisfy a judgment obtained by confession, violated the due process clause of the fourteenth amendment because of the failure of the statute to provide a means to determine whether or not the debtor had "knowingly and voluntarily" waived his right to notice and hearing at the time that the garnishment summons issued.

We parenthetically note that, while the subject appeal does not raise due process arguments, the issues brought for review implicitly concern the constitutional sufficiency of a garnishment proceeding based upon an unconfirmed judgment by confession. To the extent that this concern is evident, we believe the contention is misplaced. The Illinois Code of Civil Procedure has codified safeguards in the statute which provides for judgments by confession. (Ill. Rev. Stat. 1987, ch. 110, par. 2—1301.) The current statute has been considered in light of the aforementioned Federal authority and is without constitutional objection. There is considerable judicial awareness of the nature of judgments by confession since they are entered without

contest. For this reason, the courts exercise equitable jurisdiction and apply different considerations from those involved when a party seeks relief from other types of judgments. Trial courts, and courts of review, afford adequate opportunity for consideration in accordance with the factual situations presented by petitions to vacate or to open judgments by confession.

The trial court subsequently quashed the citation proceedings. Both orders were made appealable.

Valley Pontiac filed a motion to vacate, principally asserting the doctrine of estoppel, based upon the alleged fraudulent actions of Thornton Pontiac in the subsequent sale of the dealership to another buyer, without repaying Valley Pontiac's down payment.

The motion was denied and made appealable by the trial court. Valley Pontiac now appeals the order quashing the garnishment summons; the order quashing the citation to discover assets; and the order denying its motion to vacate.

■ Section 2—1301 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—1301) provides the statutory method for judgment by confession. Sections 12—701 and 12—801 of the Code provide the procedures for nonwage and wage garnishments, respectively. (Ill. Rev. Stat. 1987, ch. 110, pars. 12—701, 12—801.) After examining the statutory schemes, this court determines that the trial court erred in its disposition of all three motions now under review. Further, for the reasons expressed above, we believe that it is a misconstruction of the analysis expressed in *Scott* to apply its holding to the current nonwage garnishment scheme.

Section 12—701 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 12—701) sets out the garnishment procedure in a nonwage proceeding, also exempting benefits and refunds payable by pension or retirement funds. The statute is designed to make the assets of the judgment debtor available for application in payment of the judgment against him. In contrast to this statutory section is the definition of "judgment creditor" found at "Part 8. Wage Deductions" of the garnishment scheme. (Ill. Rev. Stat. 1987, ch. 110, par. 12—801.) "Judgment creditor" is therein defined as the recipient of any judgment, except a judgment by confession which has not been confirmed.

A comprehensive reading of Part 8 indicates that it exclusively governs the enforcement of judgments obtained by a judgment creditor asserting a claim involving an employer-employee relationship. Therein, at section 12—813, entitled "Judgment by Confession" (Ill. Rev. Stat. 1987, ch. 110, par. 12—813), a confirmation of judgment is

required when seeking a deduction order pursuant to a judgment by confession not served on the defendant. There is no parallel requirement of a prior issuance and service of summons confirming judgment, in the context of a nonwage proceeding.

Thornton Pontiac principally relies on two appellate court decisions in pursuance of its contention that a confirmation is required in both wage and nonwage proceedings. The reliance on *City-Wide Realty Co. v. Fryer* (1979), 70 Ill. App. 3d 649, 388 N.E.2d 980, is misplaced. *City-Wide* principally involved a discussion of a wage deduction order; the instant case involves a nonwage proceeding. A thorough examination of the nonwage garnishment scheme is not evidenced in the case. Equally misplaced is reliance on *Farmer City State Bank v. Henry* (1985), 138 Ill. App. 3d 854, 486 N.E.2d 297. *Farmer City* involved the appeal of trial court orders to sell nonexempt personal property of the defendant to satisfy a judgment by confession entered upon the defendant's note. The case does not provide sufficient examination of the garnishment scheme *per se*, and its narrow holding does not control the instant issue.

Part 7 of the garnishment statute is the applicable law in a nonwage proceeding. Pursuant thereto, and by contrast to Part 8, a confirmation of judgment is not required. Consequently, we believe that Valley Pontiac's compliance with the stated procedural prescription did not offend any rights owing to Thornton Pontiac.

We now turn to an examination of the propriety of the trial court's order quashing the citation proceedings, an order we believe was issued in error.

A citation to discover assets is a supplementary proceeding designed to aid a judgment creditor to discover a debtor's property for the purpose of applying the property in satisfaction of a judgment. *Foluke v. Peoples Gas Light & Coke Co.* (N.D. Ill. 1984), 38 Bankr. 298.

The Illinois Supreme Court's recent disposition of an appeal brought in the case of *Bank of Aspen v. Fox Cartage, Inc.* (1989), 126 Ill. 2d 307, 533 N.E.2d 1080, noted that the due process requirements of notice and hearing do not require a rigid or generic formula. In *Aspen* the court held that a citation to discover assets which prohibited a third party from transferring property in its possession, which belonged to a judgment debtor, did not deny due process. We likewise believe that the proceeding to discover assets in the instant case was properly pursued and validly executed.

In conclusion, we believe that both the nonwage garnishment proceeding and the supplemental proceeding procedures are constitu-

tionally sound. Therefore, the trial court's decision to quash the garnishment summons and citation proceedings initiated by Valley Pontiac was in error.

For all of the foregoing reasons, the judgment orders of the circuit court of La Salle County are reversed, and this cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

STOUDER and BARRY, JJ., concur.