MYRON CHAPMAN *et al.*, Plaintiffs-Appellees, v. UNITED INSURANCE
COMPANY OF AMERICA, Defendant-Appellant.

First District (3rd Division) No. 1—91—2014

Opinion filed September 16, 1992.

Reuben L. Hedlund, of Latham & Watkins, of Chicago, for appellant.

James H. Bowhay, of Neal, Gerber & Eisenberg, and Schiff, Hardin & Waite, both of Chicago, for appellees.

PRESIDING JUSTICE GREIMAN delivered the opinion of the court:

United Insurance Company of America (United) has appealed a nonfinal order of the circuit court of Cook County which provided that the appellees, certain shareholders of United (shareholders), could proceed with an action for the appraisal of their United shares following a merger of that company with Teledyne, Incorporated.

■■ Section 167(1) of the Illinois Insurance Code (Ill. Rev. Stat. 1989, ch. 73, par. 779(1)) establishes the process for evaluation of the shares of dissenting shareholders in a merger or consolidation or plan of exchange of an insurance corporation.

In effecting the stock merger, United's board of directors gave notice of a special meeting of the shareholders to vote on the proposed plan of merger, and fixed a record date to determine which shareholders were entitled to notice and to vote at the special meeting.

While shareholders here were the beneficial owners of their shares at the time of notice and at the record date, they were not the record owners; the shares apparently were being held in "street name." However, prior to the meeting and vote on the merger, the shares were transferred to the name of the shareholders and they became the record owners.

In an effort to comply with the provisions of section 167(1) of the Insurance Code, the shareholders filed written objection to the plan of merger prior to or at the meeting of shareholders, did not vote in favor of the merger and made timely written demand for payment of the fair value of the shares. Defendant denied that plaintiffs were shareholders "entitled to vote" as of the record date, so refused them appraisal rights under section 167.

Unable to obtain satisfaction from United, the shareholders filed a timely petition in the circuit court to provide for appraisal of the value of the dissenting shares.

The trial court denied United's section 2—615 motion to dismiss which alleged that shareholders could not maintain an appraisal action because they were not record owners of the shares on the record date fixed by the United board. (Ill. Rev. Stat. 1989, ch. 110, par. 2—615.) It is this order that United appeals.

The threshold issue in every appeal to this court is whether the order appealed from is a final order or falls within one of the exceptions carved out by the Illinois Constitution, authorized acts of the General Assembly or supreme court rules so as to confer jurisdiction upon us.

■■ Article VI, section 6 (Ill. Const. 1970, art. VI, §6), provides that appeals from final judgments of a circuit court to the appellate court are a matter of right. However, it further states that "the Supreme Court may provide by rule for appeals to the Appellate Court from other than final judgments of the Circuit Courts." Ill. Const. 1970, art. VI, §6; see *People ex rel. Scott v. Silverstein* (1981), 87 Ill. 2d 167, 171, 429 N.E.2d 483; *In re Marriage of Johnston* (1990), 206 Ill. App. 3d 262, 562 N.E.2d 1004.

There is no appeal from a nonfinal order unless the appeal is specifically authorized by rule or statute. (*People v. Young* (1980), 82 Ill. 2d 234, 239, 412 N.E.2d 501; *In re Marriage of Lentz* (1980), 79 Ill. 2d 400, 406-07, 403 N.E.2d 1036; *People v. Bradley* (1984), 129 Ill. App. 3d 177, 182, 472 N.E.2d 480; *In re Gomez* (1981), 100 Ill. App. 3d 299, 301, 426 N.E.2d 1084.) The denial of a motion to dismiss is not, of itself, a final determination but rather is interlocutory. *Catlett v. Novak* (1987), 116 Ill. 2d 63, 68, 506 N.E.2d 586.

■■ Supreme Court Rule 307 (134 Ill. 2d R. 307) sets out eight instances in which an interlocutory order may be appealed to the appellate court. Supreme Court Rule 308 provides for certain interlocutory appeals by permission where the trial court has made a finding that the order involves "a question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 134 Ill. 2d R. 308(a); see *Voss v. Lincoln Mall Management Co.* (1988), 166 Ill. App. 3d 442, 519 N.E.2d 1056.

Such a finding must be in writing and specifically identify the question of law involved. No such finding has been made in the order which is the subject matter of this controversy.

United seeks to bring its appeal within the umbrella of Supreme Court Rule 307 by interweaving a delicate nexus between two statutes and a supreme court rule.

United observes that section 167(1) of the Insurance Code provides that "the practice, procedure and judgment in the circuit court upon such petition shall be the same, so far as practicable, as that under the eminent domain laws in this State" (Ill. Rev. Stat. 1989, ch. 73, par. 779(1)) and that section 7—104(b) of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 7—104(b)) allows interlocutory appeals relating to the exercise of the right of eminent domain.

Defendant then cites Supreme Court Rule 307(a)(7) (134 Ill. 2d R. 307(a)(7)), which specifically provides that an appeal may be taken to the appellate court from an interlocutory order "determining issues raised in proceedings to exercise the right of eminent domain under section 7—104 of the Code of Civil Procedure."

Therefore, United argues, the supreme court, in exercising powers granted it under section 6 of article VI of the Constitution in providing by rule for appeals to the appellate court, has incorporated by reference a portion of the Code of Civil Procedure enacted by the General Assembly which sets out rights of appeal from eminent domain proceedings and that such interlocutory orders in insurance stock appraisal litigation may be similarly appealed.

In analyzing this intricate pattern which United urges upon us, we must observe that the applicability of eminent domain laws is limited in section 167(a) (Ill. Rev. Stat. 1989, ch. 73, par. 779(a)) to "practice[s and] procedure[s] *** in the circuit court" and does not touch upon the jurisdiction of the appellate court.

Moreover, the appeal provided in section 7—104 is approved by adoption of Supreme Court Rule 307(a)(7) by the Illinois Supreme Court. Without such adoption, section 7—104 might be of doubtful validity.

Nothing precluded the supreme court from expanding the narrow scope of its Rule 307(a)(7) to include actions under section 167 of the Insurance Code. This supreme court rule is clear and specific as to its applicability.

■ The current supreme court rules and State Constitution reflect the long-held intention to place responsibility for rules governing appeal in the supreme court and not in the General Assembly. See *People ex rel. Stamos v. Jones* (1968), 40 Ill. 2d 62, 65, 237 N.E.2d 495; *Whitely Estates Corp. v. Cappelletti* (1969), 112 Ill. App. 2d 157, 160, 251 N.E.2d 397.

The Committee Comments to Rule 307 specifically state that the supreme court rules were intended to cover all interlocutory appeals, pursuant to section 6 of article VI of the Constitution. (134 Ill. 2d R. 307(a), Committee Comments, at 261-62; see also Ill. Ann. Stat., ch.

110A, par. 307, Historical & Practice Notes, at 260 (Smith-Hurd 1985).) Further, where a rule of the supreme court on a matter within the court's authority and a statute on the same subject conflict, the rule will prevail. *O'Connell v. St. Francis Hospital* (1986), 112 Ill. 2d 273, 492 N.E.2d 1322.

■■ United makes a cogent argument that the interest of judicial economy may dictate that an interlocutory appeal be allowed here since (1) dismissal will only return the matter to the circuit court where the court will most likely make a "Rule 308" finding and the matter would then have to again begin its journey in the appellate court and (2) determining the substantive issue presented in this appeal would obviate costly appraisal proceedings in the event United would prevail.

Unfortunately, as compelling as those arguments may be, jurisdiction is not founded upon the exigency of the circumstances.

Accordingly, we hereby dismiss this appeal. However, because United's appeal was in good faith on the belief that it fell within one of the exceptions in Supreme Court Rule 307(a), and in the event the trial court is willing to consider findings in accord with Supreme Court Rule 308, no prejudice should attach by reason of the lack of timeliness in United's appeal of such subsequent order for which interlocutory appeals might be allowed.

Appeal dismissed.

RIZZI and CERDA, JJ., concur.