Summary order filed
August 11, 2008;
Motion to publish granted
September 18, 2008.

NO. 5-08-0205

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | |
|---|---|
| TIMOTHY A. ROGERS and ALAN WESTFALL, on Behalf of Themselves and All Others Similarly Situated, | ) Appeal from the<br>) Circuit Court of<br>) Madison County.<br>) |
|     Plaintiffs-Appellees, | )<br>) |
| v. | ) No. 01-LM-1006<br>) |
| TYSON FOODS, INC., | ) Honorable<br>) Ralph J. Mendelsohn, |
|     Defendant-Appellant. | ) Judge, presiding. |

_____

JUSTICE SPOMER delivered the opinion of the court:

The defendant, Tyson Foods, Inc., appeals from the order of the circuit court of Madison County that denied its motion for a summary judgment. The defendant requested a summary judgment in its favor on the basis that federal law preempts the claims of the plaintiffs, Timothy A. Rogers and Alan Westfall, which they have brought on behalf of themselves and others similarly situated. For the reasons that follow, we dismiss the defendant's appeal for a lack of appellate jurisdiction.

The defendant's jurisdictional statement invokes the jurisdiction of this court to review interlocutory orders granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction. See 188 Ill. 2d R. 307(a)(1). The defendant cites *Kellerman v. MCI Telecommunications Corp.*, 112 Ill. 2d 428, 438 (1986), *May Department Stores Co. v. Teamsters Union Local No. 743*, 64 Ill. 2d 153, 158 (1976), and *Crain v. Lucent Technologies, Inc.*, 317 Ill. App. 3d 486, 492 (2000), for the proposition that the denial of a motion asserting federal preemption as a complete defense to the plaintiffs' claims is subject

1

to interlocutory appeal under Illinois Supreme Court Rule 307(a) (188 Ill. 2d R. 307(a)) because the "preemption argument brings into issue the authority of the trial court to enter the order appealed from." However, these cases dealt with whether the preemption issue was within the scope of the review of a properly appealable order granting or denying a motion to stay proceedings or a motion for a preliminary injunction. See *Kellerman*, 112 Ill. 2d at 434 ("[t]he trial court denied defendant's motion to dismiss or stay the actions"); *May Department Stores Co.*, 64 Ill. 2d at 158 ("[t]he circuit court issued a temporary restraining order and 10 days later allowed Venture's motion for a preliminary injunction"); *Crain*, 317 Ill. App. 3d at 491 ("the court held that plaintiff's action *** should not be stayed"). A stay is considered injunctive in nature, and thus an order granting or denying a stay fits squarely within Rule 307(a). See *Lundy v. Farmers Group, Inc.*, 322 Ill. App. 3d 214, 216 (2001).

The question in all the cases cited by the defendant was whether or not the preemption issue was sufficiently related to the authority of the circuit court to enter the properly appealable order granting or denying the injunction or stay in order to place the preemption issue within the scope of review. The cited cases do not stand for the proposition that the preemption issue is always appealable as an interlocutory appeal as of right under Illinois Supreme Court Rule 307(a). To hold otherwise would be to ignore the long-standing principle that only final judgments or orders are appealable unless the particular order falls within one of the eight specified exceptions enumerated by Illinois Supreme Court Rule 307. *Chapman v. United Insurance Co. of America*, 234 Ill. App. 3d 968, 970 (1992) (citing *In re Marriage of Lentz*, 79 Ill. 2d 400, 406-07 (1980)). Although there may be compelling public policy reasons for allowing an interlocutory appeal of orders denying motions that establish a complete affirmative defense such as federal preemption, we are powerless to grant such interlocutory review. Unlike the courts in *Kellerman*, *May Department Stores Co.*, and *Crain*, this court is not in a position to determine whether the preemption issue is properly

2

within the scope of review because an order denying a motion for a summary judgment is not a final judgment and is not subject to interlocutory appeal as of right. See *City of Chicago ex rel. Charles Equipment Co. v. United States Fidelity & Guaranty Co.*, 142 Ill. App. 3d 621, 629 (1986).

For the foregoing reasons, we dismiss the defendant's appeal for a lack of appellate jurisdiction.


Appeal dismissed.


STEWART, P.J., and GOLDENHERSH, J., concur.

NO. 5-08-0205

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| TIMOTHY A. ROGERS and ALAN WESTFALL, on Behalf of Themselves and All Others Similarly Situated, | ) ) ) ) | Appeal from the Circuit Court of Madison County. |
| Plaintiffs-Appellees, | ) ) ) | |
| v. | ) ) | No. 01-LM-1006 |
| TYSON FOODS, INC., | ) ) ) | Honorable Ralph J. Mendelsohn, |
| Defendant-Appellant. | ) | Judge, presiding. |

**Summary order Filed:** August 11, 2008
**Motion to Publish Granted:** September 18, 2008
**Opinion Filed:** September 18, 2008

**Justices**: Honorable Stephen L. Spomer, J.

Honorable Bruce D. Stewart, P.J., and
Honorable Richard P. Goldenhersh, J.,
Concur

**Attorneys for Appellant**

Robert H. Shultz, Jr., Heyl, Royster, Voelker & Allen, P.O. Box 467, 103 W. Vandalia Street, Suite 100, Edwardsville, IL 62025; Karen L. Kendall, Heyl, Royster, Voelker & Allen, Suite 600 Bank One Building, 124 S.W. Adams Street, Peoria, IL 61602-1352; David B. Johnson, Alexa C. Warner, Sidley Austin, LLP, One South Dearborn Street, Chicago, IL 60603

**Attorneys for Appellees**

John W. Hoffman, Korein Tillery, LLC, One US Bank Plaza, 505 N. 7th Street, Suite 3600, St. Louis, MO 63101; Herman Watson, Jr., Rebekah Keith McKinney, Eric J. Artrip, Watson, Jimmerson, Martin, McKinney, Graffeo & Helms, P.C., 203 Greene Street, P.O. Box 18368, Huntsville, AL 35804; J. Dudley Butler, J. Dudley Butler, P.A., 499 A Breakwater Drive, Benton, MS 39039; Joe E. Whatley, Jr., Whatley, Drake & Kallas, L.L.C., P.O. Box 10647, Birmingham, AL 35202-0647; Ron Parry, Parry, Deering, Futscher & Sparks, P.S.C., 128 East Second Street, P.O. Box 2618, Covington, KY 41012-2618